[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 19, 2004
THOMAS K. KAHN
CLERK**

No. 03-12029
_____

D.C. Docket No. 02-00121-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERT CHARLES THURSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida
_____

**(March 19, 2004)**

Before BLACK and HULL, Circuit Judges, and GOLDBERG[*], Judge.

GOLDBERG, Judge:

_____

[*] Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

Defendant-Appellant Gilbert Charles Thurston ("Thurston") appeals from the judgment of the District Court for the Middle District of Florida, denying his Motion to Dismiss Based on Double Jeopardy (Steele, J.).

Thurston was indicted for violating 18 U.S.C. § 1115, which makes it a federal offense for an officer of a U.S. vessel to cause the death of another person through misconduct, negligence, or inattention to his duties. Thurston pled guilty for causing the death of a crew member under his command based on simple negligence. At the sentencing hearing, the district court determined that 18 U.S.C. § 1115 required gross negligence and that consequently it had initially erred in denying Thurston's motion to dismiss the indictment that alleged only simple negligence. Based on this finding, the district court set aside Thurston's guilty plea and dismissed the indictment as defective. Plaintiff-Appellee United States of America ("the Government") secured a second indictment that charged Thurston with gross negligence. Thurston moved to dismiss the second indictment, arguing that the re-indictment violated the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. The district court denied the motion to dismiss, and Thurston appeals.

The primary issue on appeal is whether the Government's second indictment of Thurston violated the Double Jeopardy Clause when the district court vacated Thurston's initial guilty plea because the original indictment was defective.

For the reasons that follow, we affirm the district court's decision and hold that the re-indictment of Thurston does not violate the Fifth Amendment. We further hold that the Government did not engage in prosecutorial misconduct in the initial proceedings to warrant application of double jeopardy principles.

## I. BACKGROUND

On February 6, 2002, a federal grand jury returned an indictment against Thurston charging a violation of 18 U.S.C. § 1115. The indictment charged that Thurston, as Chief Officer aboard the S.S. Trinity, caused the death of Fred Alberta Cambra, Jr., a subordinate crew member under his command, while on the high seas by "misconduct, negligence and inattention to his duties on the vessel." Indictment (2:02-cr-7-FtM-29DNF) at 4.

The trial was set for August 13, 2002. On July 25, 2002, Thurston filed a motion to dismiss the indictment, asserting that it failed to allege the essential element of gross negligence under the statute. The district court denied Thurston's motion, ruling that the statute only required a showing of simple negligence. On

3

August 13, 2002, prior to the jury selection and prior to the trial, Thurston announced his intention to plead guilty without the benefit of a plea agreement. The district court accepted his guilty plea and scheduled a sentencing hearing.

At the sentencing hearing, counsel for Thurston requested that the district court reconsider its decision to deny the motion to dismiss the indictment. After discussion with counsel, the district court concluded that it had erred in finding that 18 U.S.C. § 1115 required only simple negligence. Accordingly, the district court set aside Thurston's guilty plea, vacated its prior order denying the motion to dismiss, and granted Thurston's motion to dismiss the indictment without prejudice.

On December 18, 2002, a different grand jury returned a second indictment charging Thurston with a violation of 18 U.S.C. § 1115 by acting with gross negligence. Thurston filed a motion to dismiss the second indictment, arguing that it violated the Double Jeopardy Clause of the Fifth Amendment. On April 9, 2003, the district court denied the motion to dismiss by written order. The district court held that, although jeopardy attached when it accepted Thurston's guilty plea, trial on the second re-indictment would not violate double jeopardy. It would not violate double jeopardy because the original indictment contained a jurisdictional defect that was not waived by Thurston's guilty plea and because

4

Thurston had succeeded in having the first conviction set aside due to error in the proceedings. Thurston appealed the ruling.

On August 28, 2003, this Court stayed the district court proceedings against Thurston pending decision regarding the issue of double jeopardy.

## II. DISCUSSION

On appeal, the question before this Court is whether the district court erred in denying Thurston's motion to dismiss on double jeopardy grounds, thus barring further prosecution. This Court reviews *de novo*, as a pure question of law, any possible violation of the Double Jeopardy Clause. United States v. Strickland, 261 F.3d 1271, 1273 (11th Cir. 2001); United States v. Baggett, 901 F.2d 1546, 1548 (11th Cir. 1990). We exercise jurisdiction pursuant to 18 U.S.C. § 1291.

A.  The re-indictment of Thurston does not violate the Double Jeopardy Clause of the Fifth Amendment.

The Double Jeopardy Clause of the Fifth Amendment declares that no person shall "be subject to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. It "'protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense'" Baggett, 901 F.2d at

1548 (quoting United States v. Dinitz, 424 U.S. 600, 606) (1976)). According to Thurston, the Government is subjecting him to repeated prosecutions by prosecuting him based on the same facts and law for which he was already adjudicated guilty under the original indictment.[1]

The Government responds to Thurston's claims with two distinct yet interrelated arguments. First, jeopardy never attached during the initial proceedings because Thurston effectively withdrew his guilty plea before any final judgment or sentencing order was entered. Second, even if jeopardy attached, Thurston's original jeopardy was never terminated because the Double Jeopardy Clause does not bar a subsequent prosecution where a defendant succeeds in getting an initial conviction set aside due to a defect in the indictment.

We hold that the second indictment does not violate the Double Jeopardy Clause even if jeopardy attached in the proceedings under the original indictment. Accordingly, the issue of whether jeopardy attached in the first place, as the Government contends, need not be addressed by this Court in this case.

---

[1] Because this is a repeated prosecution case and not a multiple punishment case, Thurston's reliance on Blockburger v. United States, 284 U.S. 299 (1932), is clearly misplaced. Blockburger sets forth a test under the Double Jeopardy Clause to determine whether a defendant is being tried or convicted twice for the same offense. 284 U.S. at 304. Here, there is no dispute that Thurston is being re-indicted for the same offense under 18 U.S.C. § 1115. In fact, the Government concedes that the two indictments are identical with the exception of the modification of the standard from "negligence" (i.e., simple negligence) in the original indictment to "gross negligence" in the second indictment.

The attachment of jeopardy does not automatically preclude the retrial or re-indictment of a defendant for the same crime. Illinois v. Somerville, 410 U.S. 458, 459 (1973); Ball v. United States, 163 U.S. 662, 672 (1896); Baggett, 901 F.2d at 1548-49. The Supreme Court has recognized that "the Double Jeopardy Clause's general prohibitions against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct or collateral attack, because of some error in the proceedings leading to conviction." Lockhart v. Nelson, 488 U.S. 33, 38 (1988).

If Thurston had gone to trial on the original indictment and lost, appealed and lost, and then collaterally attacked his conviction via habeas corpus and had the original conviction set aside, there is no question that Lockhart would permit repeated prosecution. Here, Thurston never even went to trial on the defective indictment, and his guilty plea was vacated upon his own motion to dismiss, not at the behest of the Government. We cannot hold that a judge's dismissal of a defective indictment, which preserved judicial resources, protected Thurston from the expense and ordeal of a futile trial, and prevented the Government from perfecting its trial strategy, also created a double jeopardy bar to prosecution on a new indictment.

Instead, this Court's decision in <u>Baggett</u> underscores the principles here and supports affirming the district court's judgment. In <u>Baggett</u>, this Court held that the Fifth Amendment does not prohibit a retrial when the defendant withdraws his guilty plea after jeopardy has attached. 901 F.2d at 1549. Contrary to Thurston's arguments, we conclude that the withdrawal of a guilty plea and the vacation of a guilty plea, as occurred in the instant case, are not sufficiently different to warrant a departure from the reasoning in <u>Baggett</u>. Accordingly, we hold that a defendant's jeopardy does not terminate when, upon the defendant's motion, an indictment is dismissed or a guilty plea is vacated.

B.      <u>Thurston's charge of prosecutorial misconduct is without merit.</u>

Related to Thurston's double jeopardy claim is his allegation that the Government engaged in improper conduct by deliberately misleading the district court regarding the necessary elements of 18 U.S.C. § 1115. The Fifth Amendment bars further prosecution in this context only if the defendant can prove "intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." <u>Oregon v. Kennedy</u>, 456 U.S. 667, 676 (1982). Only deliberate prosecutorial misconduct implicates double jeopardy principles. <u>Id.</u>; <u>see also</u> <u>United States v. Vallejo</u>, 297 F.3d 1154, 1163 (11th Cir. 2002).

8

Thurston asserts that the Government was aware that gross negligence was the correct standard from the beginning and knew all along that the original indictment was defective.  To support this contention, Thurston cites a provision of the United States Attorneys' Manual referencing 18 U.S.C. § 1112, an offense not charged against him in this case.  Thurston concedes, however, that there is no case law to support such a finding.  Appellant's Initial Brief at 10.

We find that Thurston's charge of prosecutorial misconduct is frivolous and completely without merit.  There is no credible evidence that Government attempted to mislead the district court in any way.


## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Defendant's Motion to Dismiss Based on Double Jeopardy.