[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14736
Non-Argument Calendar

_____

D. C. Docket No. 06-00029-CR-T-30-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIEGO HERNANDEZ GOMEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 5, 2007)**

Before DUBINA, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Diego Hernandez Gomez ("Hernandez-Gomez") appeals his 46-

month sentence for illegally reentering the United States after previously having been convicted of an aggravated felony offense in violation of 8 U.S.C. §§ 1326(a), (b)(2).

On appeal, Hernandez-Gomez first argues that § 1326 is unconstitutional because it purports to create "sentencing factors," which increase the statutory maximum penalty for illegal reentry without meeting the charging and jury trial requirements of the Fifth and Sixth Amendments. He concedes that *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998) exempts prior convictions from those requirements, but he argues that its viability has been questioned and its holding should not be applied to his case because he did not admit the characterization of his prior conviction. He maintains that the question of whether a prior conviction is an aggravated felony is too far removed from the significance of simply having a prior conviction, and thus, should not be subject to *Almendarez-Torres*.

We review a defendant's preserved constitutional challenge to his sentence *de novo*. *See United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005).

Under 8 U.S.C. § 1326(a), an alien who has been deported and then reenters the United States without permission is subject to a maximum sentence of two years. 8 U.S.C. § 1326(a). However, the maximum sentence increases to 20 years

2

if the alien was convicted of an "aggravated felony" before removal. 8 U.S.C. § 1326(b)(2).

In *Almendarez-Torres*, the Supreme Court specifically addressed whether "[§ 1326(b)] defines a separate crime or simply authorizes an enhanced penalty," and concluded "that the subsection is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist," and does not "define a separate crime." *Almendarez-Torres*, 523 U.S. at 226, 118 S. Ct. at 1222. It went on to hold that "neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment." *Id.* at 226-27, 118 S. Ct at 1222.

In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), the Supreme Court declined to revisit *Almendarez-Torres* and held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63. The Supreme Court later revisited the rule set forth in *Apprendi*, explicitly reaffirming "[that a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury

3

beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220, 244, 125 S. Ct. 738 (2005).

In *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005), the Supreme Court limited the scope of judicial fact finding for a sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Court held:

> [the] enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.

*Shepard*, 544 U.S. at 26, 125 S. Ct. at 1263.

We have held that the Supreme Court's decision in *Almendarez-Torres* "was left undisturbed by *Apprendi*, *Blakely*, and *Booker*." *United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005). We also have noted that, while recent decisions, including *Shepard*, may arguably cast doubt on the future prospects of *Almendarez-Torres*, the Supreme Court has not explicitly overruled *Almendarez-Torres*, and, as a result, it is still good law. *See United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315-16, 1316 n.3 (11th Cir.) (upholding an enhancement under § 1326(b)(2)), *cert. denied*, 126 S. Ct. 457 (2005).

4

Hernandez-Gomez argues that 8 U.S.C. § 1326 is unconstitutional because it allows for a sentence enhancement based on facts not alleged in the indictment or admitted regarding the aggravated nature of a previous felony. The prior conviction of an aggravated felony as a sentencing factor for a § 1326 offense is exactly what the defendant complained of in *Almendarez-Torres*, which specifically upheld that the government does not have to allege the defendant's prior convictions in the indictment in order to increase the penalty. Further, we have reiterated that we must follow *Almendarez-Torres* until the Supreme Court expressly overrules it. Accordingly, we conclude that Hernandez-Gomez's argument that 8 U.S.C. § 1326 is unconstitutional is without merit.

Next, Hernandez-Gomez argues that his conviction under 8 U.S.C. § 1326 violates double jeopardy principles because it raises his guideline range and maximum statutory sentence based upon a prior conviction, resulting in additional punishment for the previous offense. 8 U.S.C. § 1326(b)(2) raises the maximum possible sentence beyond what the statutory maximum would be without the finding of the prior conviction.

"[W]e review [] *de novo*, as a pure question of law, any possible violation of the Double Jeopardy Clause." *United States v. Thurston*, 362 F.3d 1319, 1322 (11th Cir. 2004).

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., amend. V. The Double Jeopardy Clause protects against "the imposition of multiple punishments for the same offense." *United States v. Dowd*, 451 F.3d 1244, 1251 (11th Cir.), *cert. denied*, 127 S. Ct. 335 (2006). Enhancement statutes "do not change the penalty imposed for the earlier conviction," but "penaliz[e] only the last offense committed by the defendant." *Nichols v. United States*, 511 U.S. 738, 747, 114 S. Ct. 1921, 1927 (1994). The Supreme Court has reaffirmed that sentence enhancements are not construed as additional punishment for a previous offense, but only increase a sentence because of the manner of the crime, and the enhancements are neither a new jeopardy nor an additional penalty for the earlier crimes, but a harsher punishment for the newest crime. *See Monge v. California*, 524 U.S. 721, 728, 118 S. Ct. 2246, 2250 (1998).

As Hernandez-Gomez's sentence was enhanced based on a prior conviction, we conclude that it did not violate the Double Jeopardy Clause because it was simply a harsher punishment for the instant conviction, not additional punishment for a prior conviction. His double jeopardy argument also fails because *Almendarez-Torres* specifically held that § 1326(b) is a penalty provision, authorizing a court to increase the sentence for a recidivist and failing to define a

6

separate crime. Therefore, Hernandez-Gomez's conviction did not violate the Double Jeopardy Clause. Accordingly, we affirm Hernandez-Gomez's sentence.

**AFFIRMED.**