[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 21, 2007
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-11508
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 05-20711-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELVIS HERNANDEZ,

Defendant-Appellant.

-------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
-------------------------------------------

**(March 21, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Defendant-Appellant Elvis Hernandez appeals his conviction and sentence

after a jury trial for conspiracy to possess with intent to distribute 100 kilograms

or more of marijuana, in violation of 21 U.S.C. § 846.  No reversible error has been shown; we affirm.

At Hernandez's trial, the parties stipulated that 123 kilograms of marijuana had been seized in this case.[1]  Still, Hernandez requested that, if the jury found him guilty of conspiracy to possess with intent to distribute marijuana, the jury should "write in" the drug quantity attributable to him on its verdict form.  The parties ultimately agreed that the verdict form presented to the jury would first ask the jury to determine whether Hernandez was guilty or not guilty of the marijuana conspiracy charge.  If the jury found Hernandez guilty of this charge, the verdict form then asked the jury to consider whether Hernandez conspired to distribute at least 100 kilograms of marijuana and, if he did, to place an "X" in the box next to that drug quantity on the verdict form.  When the jury returned the verdict form to the district court, the jury checked "guilty" for the charge of marijuana conspiracy but left blank the box next to the listed drug quantity.

The district court judge indicated that the jury might not have completed its verdict form.  Hernandez objected to asking the jury members to reconsider the verdict form.  The district court judge then asked the jury members to read through the verdict form and to let him know whether they answered all of the questions

---

[1]This stipulation was read to the jury.

that were posed to them.  After going back to the jury room, the jury returned with a verdict form that indicated Hernandez was guilty of the marijuana conspiracy charge and that contained an "X" next to the drug quantity -- at least 100 kilograms of marijuana -- listed on the verdict form.

On appeal, Hernandez argues that the district court violated the Fifth Amendment protection against double jeopardy by returning the verdict form to the jury to review for completeness.[2]  We review a possible double jeopardy violation de novo.[3]  United States v. Thurston, 362 F.3d 1319, 1322 (11th Cir. 2004).

The Double Jeopardy Clause of the Fifth Amendment states that no person shall "be subject to be twice put in jeopardy of life or limb," U.S. Const. amend. V; and it "protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense."  Thurston, 362 F.3d

---

[2]In making this argument, Hernandez asserts that jeopardy attached when the jury first returned its verdict form to the judge.  But in the context of a jury trial, jeopardy attaches when the jury is impaneled and sworn.  See United States v. Berroa, 374 F.3d 1053, 1057 (11th Cir. 2004) (explaining that "jeopardy attaches before a jury returns its verdict"); United States v. Isom, 88 F.3d 920, 923 n.8 (11th Cir. 1996) ("Jeopardy attaches when a jury is impaneled and sworn, or, in the case of a bench trial, when the court begins to receive evidence.").

[3]Although Hernandez did not use the words "double jeopardy" when he objected to the district court's instruction to the jury about checking the completeness of its verdict form, Hernandez did object that it was improper to ask the jury to reconsider the verdict form after the jury had reached a verdict. We construe this argument as sufficient to preserve Hernandez's claim on appeal.  And we note that the government has not asserted that Hernandez failed to preserve his double jeopardy claim.

at 1322 (internal quotation omitted). Therefore, the Double Jeopardy Clause protects against (1) "a second prosecution for the same offense after acquittal"; (2) "a second prosecution for the same offense after conviction"; and (3) "multiple punishments for the same offense." Brown v. Ohio, 97 S.Ct. 2221, 2225 (1977) (internal quotation omitted).

Here, Hernandez was prosecuted only once for conspiracy to possess with intent to distribute marijuana as charged in the indictment in this case. And he received only one punishment -- a sentence of 60 months' imprisonment -- for that offense. We are not persuaded by Hernandez's argument that the district court judge violated the protection against double jeopardy when the judge asked the jury to consider if its verdict form was complete.[4] See id.

AFFIRMED.

---

[4]To the extent that Hernandez argues that the district court issued a directed verdict on the drug quantity attributable to him, we reject this claim as without merit. And we decline to order that Hernandez be resentenced because the district court calculated his Guidelines imprisonment range by using the base offense level for offenses involving at least 100 kilograms of marijuana.

4