[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10255
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 27, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20530-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL TAMARIT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 27, 2010)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Angel Tamarit appeals his convictions for manufacturing and possessing

with intent to distribute less than 50 plants of marijuana, 21 U.S.C. §§ 841(a)(1), (b)(1)(D), maintaining a residence to manufacture and distribute marijuana, id. § 856(a)(1), and carrying a firearm in relation to or in furtherance of trafficking in marijuana, 18 U.S.C. § 924(c)(1)(A).  Tamarit argues that the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution barred a second trial after his first trial ended in a mistrial and the government failed to prove that he carried or possessed a firearm in relation to or in furtherance of his drug crime.  We affirm.

"We 'review de novo, as a pure question of law, any possible violation of the Double Jeopardy Clause,'" United States v. McIntosh, 580 F.3d 1222, 1226 (11th Cir. 2009) (quoting United States v. Thurston, 362 F.3d 1319, 1322 (11th Cir. 2004)), and we examine findings of fact related to that issue for clear error, United States v. Vallejo, 297 F.3d 1154, 1162 (11th Cir. 2002).  We also review de novo the denial of a judgment of acquittal, and we construe the evidence in the light most favorable to the government.  United States v. Demarest, 570 F.3d 1232, 1239 (11th Cir. 2009).

The district court did not err when it ruled that Tamarit's second trial was not barred by the Double Jeopardy Clause.  Double jeopardy does not bar a retrial unless the government "intended to 'goad' the defendant into moving for a

mistrial." Oregon v. Kennedy, 456 U.S. 667, 676, 102 S. Ct. 2083, 2089 (1982). Tamarit argues that the government intentionally violated a ruling in limine prohibiting testimony about Tamarit's prior "marijuana grows," but the district court found that the government "was negligent in" failing to "properly instruct[] its witnesses and [was] careless in its questioning." The record supports that finding. The government interrupted its first witness before he could explain that Tamarit had sold marijuana on another occasion. After a second witness stated that Tamarit had "grown marijuana previously," the government apologized and asked for a curative instruction. The record does not suggest that "the Government actually intended to provoke a mistrial." United States v. Shelley, 405 F.3d 1195, 1200 (11th Cir. 2005).

The district court also did not err by denying Tamarit's motion to acquit him of his firearms charge. Agents seized from Tamarit's waistband a pistol that was fully loaded and had one bullet chambered, and Tamarit told agents that he carried a pistol for "protection" and he "knew that either he was going to be robbed or the police were going to show up at his house." See United States v. Timmons, 283 F.3d 1246, 1251–52 (11th Cir. 2002). The government proved Tamarit possessed the gun "in furtherance of" or "in relation to" his marijuana operation.

We **AFFIRM** Tamarit's convictions.