UNITED STATES of America,
Plaintiff–Appellee,

v.

William J. HARVEY, Jr., a/k/a Billy,
Defendant–Appellant.

No. 93–3574.

United States Court of Appeals,
Eleventh Circuit.

March 21, 1996.

William J. Harvey, Jr., Pro se.

Samuel A. Mones, Miami Beach, Florida, Neil M. Schuster, Miami Beach, FL, for Appellant.

Cynthia R. Hawkins, Asst. U.S. Atty., James Glazebrook, Orlando, FL, Tamra Phipps, Paul G. Byron, Asst. U.S. Attys., Tampa, FL, for Appellee.

Before EDMONDSON, Circuit Judge, HILL, Senior Circuit Judge, and MILLS *, District Judge.

HILL, Senior Circuit Judge:

In this case, we are asked to determine whether the government's prosecution of William J. Harvey, Jr. violated the double jeopardy and due process clauses of the United States Constitution.[1] For the following reasons, we hold that the prosecution violated the double jeopardy clause, and reverse and vacate Harvey's conviction and sentence.[2]

## I. BACKGROUND

On November 8, 1983, in a non-jury trial on stipulated facts, the United States District Court for the Southern District of Florida found Harvey guilty of violating 21 U.S.C. § 846 by conspiring to possess and to distribute 2500 pounds of marijuana between 1978 and February 8, 1982. Harvey stipulated his guilt on the conspiracy charge in return for the agreement of the United States not to initiate or maintain any additional prosecutions of him for violations of controlled substances laws committed prior to February 8, 1982. The district court sentenced Harvey to a term of imprisonment of fourteen years.

On February 14, 1990, Harvey pled guilty in the United States District Court for the Eastern District of Michigan to violating 21 U.S.C. § 846 by conspiring from January 1984, through October 31, 1987, to possess and distribute 504 kilograms of cocaine. One of the overt acts alleged to support the charge was a 1986 importation of 487 kilograms of cocaine through Sebastian Inlet,

---

\* Honorable Richard Mills, U.S. District Judge for the Central District of Illinois, sitting by designation.

1. Harvey also raises issues regarding the district court's refusal of a last minute continuance, and the jury instructions. We have reviewed the record and find no reversible error respecting these issues. Harvey asserts for the first time in this appeal that he had ineffective assistance of counsel during his trial. We do not consider such claims raised initially on direct appeal. *United States v. Khoury,* 901 F.2d 948, 969 (11th Cir.), *modified,* 910 F.2d 713 (11th Cir.1990).

Harvey's Supplemental Brief attempted to raise other issues, but those issues were outside the scope of the limited permission to supplement we granted Harvey. On November 16, 1995, the United States filed a motion to strike those portions of the supplemental brief. The motion is granted. The court did not consider the arguments raised in Sections IV. C or D of Harvey's supplemental brief.

2. Because we hold that Harvey's prosecution in this case violated the double jeopardy clause, we need not reach the due process issue.

Florida.[3] The indictment charged that Harvey's co-conspirators received a portion of the "load" which they took to Michigan to sell. It was on this basis that Harvey was indicted in Michigan. The Michigan district court sentenced Harvey to seven years imprisonment to run concurrently with the fourteen-year term imposed in Florida.

On February 20, 1991, the grand jury in the Middle District of Florida charged Harvey with conspiracy to possess with intent to distribute 487 kilograms of cocaine in violation of 21 U.S.C. § 846, and with a violation of 21 U.S.C. § 848, engaging in a continuing criminal enterprise (CCE), by committing a series of drug felonies from September 1977, through September 1987. The overt act alleged in support of the § 846 conspiracy was the 1986 Sebastian Inlet importation. On April 23, 1991, the government moved to dismiss the conspiracy charge on double jeopardy grounds, and the court so ordered. On June 12, 1991, the grand jury returned a superseding indictment charging Harvey only with a violation of § 848 (CCE), but realleging the Sebastian Inlet 487 kilogram cocaine importation as a predicate drug felony in the enterprise.

Harvey's court-appointed counsel filed a motion to dismiss the indictment on double jeopardy grounds. The district court held an evidentiary hearing on the motion, but found no double jeopardy violation. The court did, however, limit the scope of the CCE charge to violations occurring after February 8, 1982, pursuant to the 1983 plea agreement in the Southern District of Florida.

Harvey took an interlocutory appeal from the denial of his motion to dismiss. This court affirmed the district court's order without opinion on December 30, 1992. The United States Supreme Court denied certiorari.

After a six-day jury trial, Harvey was convicted of engaging in a CCE as charged in the superseding indictment. Harvey reasserted his double jeopardy claim in a post-trial motion for a judgment of acquittal and in a motion for a new trial. The district court denied these motions, and sentenced him to life imprisonment.

## II. ISSUE

In the Michigan case, Harvey pled guilty to a violation of 21 U.S.C. § 846 by the possession and distribution of the 487 kilograms of cocaine he had imported through Sebastian Inlet, Florida. In this case, the government charged Harvey with violating 21 U.S.C. § 848, by engaging in a CCE, basing the charge in large part upon the act and agreement Harvey pled to in the previous Michigan conspiracy prosecution. The issue we must decide is whether the § 848 CCE prosecution may incorporate the same agreement and the same conduct for which Harvey has already been convicted under § 846 without offending the double jeopardy clause.

## III. STANDARD OF REVIEW

█ While the denial of a double jeopardy claim on interlocutory appeal is not binding on a post-trial appeal, it will be reconsidered only upon an additional showing of jeopardy. *United States v. Caporale*, 806 F.2d 1487, 1517 (11th Cir.1986), *cert. denied*, 482 U.S. 917, 107 S.Ct. 3191, 96 L.Ed.2d 679 (1987). We review the district court's denial of a double jeopardy claim *de novo* as a question of law. *United States v. Baggett*, 901 F.2d 1546, 1548 (11th Cir.), *cert. denied*, 498 U.S. 862, 111 S.Ct. 168, 112 L.Ed.2d 133 (1990).

## IV. THE LAW

The double jeopardy clause of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The Supreme Court has observed that "[b]ecause it was designed originally to embody the protection of the common-law pleas of former jeopardy, the Fifth Amendment double jeopardy guarantee serves principally as a restraint on courts and prosecutors." *Brown*

---

**3.** The original indictment also alleged a January 1988 importation of cocaine from Mexico through Texas, but the time frame to which Harvey ultimately pled in Michigan ended in October of 1987. This importation was also charged in the Middle District of Florida indictment.

*v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977) (internal citation omitted). Accordingly, "... courts may not impose more than one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial." *Id.*

The double jeopardy clause, therefore, prohibits successive prosecutions and multiple punishments. It "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted). Where successive prosecutions are involved, the guarantee serves "a constitutional policy of finality for the defendant's benefit." *United States v. Jorn,* 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971). It protects against attempts to secure additional punishment after a prior conviction and sentence. *See Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 223–24, 2 L.Ed.2d 199 (1957).

■ Separate statutory crimes need not be identical—either in constituent elements or in actual proof—in order to be the same within the meaning of the constitutional prohibition against cumulative punishment for the same crime. *Brown,* 432 U.S. at 164, 97 S.Ct. at 2224–25. The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not....

*Id.* at 304, 52 S.Ct. at 182.

"If two offenses are the same under this test for purposes of barring consecutive sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions.... Where the judge is forbidden to impose cumulative punishment for two crimes at the end of a single proceeding, the prosecutor is forbidden to strive for the same result in successive proceedings." *Brown,* 432 U.S. at 166, 97 S.Ct. at 2226 (internal citations omitted).

■ In considering the application of the double jeopardy clause to prosecutions for both a lesser and the greater offense, the *Brown* court held:

> As is invariably true of a greater and lesser included offense, the lesser offense ... requires no proof beyond that which is required for conviction of the greater.... The greater offense is therefore by definition the "same" for purposes of double jeopardy as any lesser offense included in it.

*Id.* at 168, 97 S.Ct. at 2226–27. Accordingly, a lesser included offense is always the same offense for double jeopardy purposes.

■ In *Jeffers v. United States,* 432 U.S. 137, 146 n. 11, 97 S.Ct. 2207, 2214 n. 11, 53 L.Ed.2d 168 (1977), the Supreme Court noted the "conceptual closeness" of 21 U.S.C. § 846 (conspiracy to violate the Controlled Substances Act) and 21 U.S.C. § 848 (CCE). The Court observed that, unlike a substantive drug felony, both a conspiracy conviction and a CCE conviction require proof of an *agreement* to violate the law. Since *Jeffers* was decided, both the former Fifth Circuit and the Eleventh Circuit have held that § 846 is a lesser included offense of § 848. *United States v. Stricklin,* 591 F.2d 1112, 1123 (5th Cir.), *cert. denied,* 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979); *United States v. Bollinger,* 796 F.2d 1394, 1403 n. 4 (1986), *opinion substituted in part on other grounds,* 837 F.2d 436 (11th Cir.), *cert. denied,* 486 U.S. 1009, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988); *United States v. Brantley,* 733 F.2d 1429, 1436 (11th Cir.1984), *cert. denied,* 470 U.S. 1006, 105 S.Ct. 1362, 84 L.Ed.2d 383 (1985). A § 846 conspiracy is a lesser included offense of § 848 because the "in concert" requirement of § 848 has been interpreted to "encompass the agreement required to prove a [section 846] conspiracy." *United States v. Michel,* 588 F.2d 986, 999 (5th Cir.), *cert. denied,* 444 U.S. 825, 100

S.Ct. 47, 62 L.Ed.2d 32 (1979). Therefore, "[a]ny section 846 conspiracy for which [the defendant] was subject to prior jeopardy cannot be used by the government in [a later] prosecution to satisfy the collaboration requirement of section 848." *United States v. Boldin,* 772 F.2d 719, 730 (11th Cir.1985), *cert. denied,* 475 U.S. 1048, 106 S.Ct. 1269, 89 L.Ed.2d 577 (1986).

■ If both conspiracies are prosecuted simultaneously, with the § 846 conspiracy serving as a predicate act for the § 848 CCE conviction, and both crimes are based upon the same criminal agreement, the conspiracy merges into the CCE conviction. *United States v. Reed,* 980 F.2d 1568 (11th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 3063, 125 L.Ed.2d 745 (1993); *United States v. Jones,* 918 F.2d 909, 910 (11th Cir.1990). The remedy is to vacate the § 846 conviction. If the prosecutions are successive, the double jeopardy clause bars the second prosecution, whichever it is. *Id.*

The double jeopardy clause is not offended, of course, if the successive prosecutions are not for the *same offense. Stricklin,* 591 F.2d at 1123; *United States v. Nyhuis,* 8 F.3d 731, 735 (11th Cir.1993), *cert. denied,* — U.S. —, 115 S.Ct. 56, 130 L.Ed.2d 15 (1994); *Reed,* 980 F.2d at 1576–77. A defendant is protected against prosecution under § 848 for a continuing criminal enterprise only where the predicate felony violation was a conspiracy and the § 848 prosecution is based on the "same criminal agreement." *Boldin,* 772 F.2d at 731.

■ In order to determine whether a prosecution for § 848 is barred by a prior § 846 prosecution, the reviewing court must determine whether the two conspiracies alleged by the government were, in fact, the same conspiracy. Initially, the burden is on the defendant to made a prima facie showing of double jeopardy. *United States v. Benefield,* 874 F.2d 1503, 1505 (11th Cir.1989). Once this showing is made, the burden is on the government to demonstrate that the separate conspiracies charged are *not* the same conspiracy.

Several factors must be examined in order to make this determination. *United States v.*
*Marable,* 578 F.2d 151, 154 (5th Cir.1978). These include:

(1) time, (2) persons acting as co-conspirators, (3) the statutory offenses charged in the indictments, (4) the overt acts charged by the government or any other description of the offense charged which indicates the nature and scope of the activity which the government sought to punish in each case, and (5) places where the events alleged as part of the conspiracy took place. *Id.* If application of these factors reveals that the government has twice put the defendant in jeopardy for the same conspiracy, the latter conviction must be set aside.

## V. DISCUSSION

■ Harvey imported whatever drugs he could, from wherever he could obtain them, and sold to distributors who resold them all over the country. His own lawyer admits that Harvey could probably have been indicted in every state in the union.

The government concedes that Harvey makes a prima facie showing that his Michigan § 846 conspiracy conviction and his Middle District of Florida § 848 CCE conviction subjected him to double jeopardy. Therefore, the CCE conviction must be vacated unless the government can show that it satisfied the collaboration element of § 848 by proving a newly discovered conspiracy. *Boldin,* 772 F.2d at 731.

The government has offered very little to rebut the presumption against its successive prosecutions of Harvey for his various drug dealings. Its analysis of the *Marable* factors is limited at best. It relies extensively on *Nyhuis* for its conclusory arguments that (1) "mere overlap ... in the time frames alleged does not mean that two cases involve the same conspiracy;" (2) even if Harvey were not just a supplier (which is the government's contention), but a leader in the Michigan conspiracy, "there can be separate conspiracies emanating from the same leadership;" and (3) "[a] defendant's involvement in two conspiracies operating in diverse locations does not mean that the conspiracies merge for double jeopardy purposes, even if they involve the same drug supplier." *See Nyhuis,* 8 F.3d at 735.

At first glance, *Nyhuis* and the instant case appear very similar. In both, there were indictments in Michigan and Florida charging violations of §§ 846 and 848. In both cases, there was overlap in time frames, co-conspirators, and locales of the § 846 and § 848 conspiracies charged. Yet, in *Nyhuis* we found that the two conspiracies were separate. Our conclusion, however, was based on a very significant difference between that case and this.

In *Nyhuis*, we found that the conspiracies were separate in large part because "the difference in overt acts alleged weighs heavily against Nyhuis." *Id.* at 738. In *Nyhuis*, no overt acts charged in the Michigan indictment were charged in the Florida indictment. In the instant case, however, the government charged the very same act to support the § 848 "in concert" requirement as was charged in Michigan to support the § 846 conspiracy—the 487 kilogram cocaine importation through Sebastian Inlet, Florida. The government, however, has already convicted Harvey for his participation in the Sebastian Inlet importation conspiracy. The government is barred, therefore, from using this same agreement to prove the "in concert" requirement in its Middle District of Florida § 848 prosecution. *Reed*, 980 F.2d at 1580; *Boldin*, 772 F.2d at 731. The double jeopardy clause, therefore, was violated by the Middle District of Florida's CCE prosecution of Harvey.

There are two exceptions to the double jeopardy bar, one of which, the government contends, applies in this case. First, double jeopardy will not bar the second prosecution where all the overt acts had not occurred before the first prosecution went to trial. That is not the case here. All of the acts charged in the Middle District of Florida had occurred by October of 1987. Harvey pled guilty in Michigan in April of 1990.

■ A second prosecution is also permitted if, despite due diligence, the government has not discovered all the facts supporting the second prosecution prior to the first trial. Although the government argues to the contrary, this exception does not apply to this case either. Every act proved in the Florida CCE trial was known to the Florida prosecutors prior to the Michigan plea.

In late 1987, Harvey's long-time partner, Robert Castoro, was arrested in Florida. Subsequently, he decided to cooperate and began to do so in early 1989. He was debriefed extensively by the Drug Enforcement Agency (DEA) agents working with the Middle District of Florida prosecutors. Castoro knew everything about Harvey. He participated in all the importations for which Harvey was later indicted in the Middle District of Florida. At Harvey's CCE trial, Castoro testified to these de-briefings and to the government's knowledge regarding Harvey's activities prior to his plea in Michigan.

After Harvey was indicted in Michigan in early 1989, the Michigan and the Florida DEA agents were in close communication. After Harvey surrendered in late 1989, the Florida prosecutor had him brought to the Middle District and offered to resolve both his Michigan and his impending Florida indictments if he would cooperate. He refused, and was sent to Michigan.

There is no doubt that in the exercise of due diligence both jurisdictions either knew or should have known of Harvey's participation in a continuing series of drug offenses by the end of 1989. Harvey didn't plead in Michigan until April of 1990. The government's 1993 CCE prosecution of Harvey is not saved from the double jeopardy bar then by its lack of knowledge regarding Harvey's Florida drug importing activities at the time Harvey pled in Michigan.

Harvey pled guilty in Michigan in April of 1990. It was at that point that jeopardy attached for the Sebastian Inlet drug conspiracy and it was at that point that the Middle District of Florida lost the right to prosecute him for that conspiracy. By allowing Michigan to carve out one of his importations and prosecute him for that conspiracy, the Middle District engaged in piecemeal and successive prosecution. This the Constitution does not allow.

## VI. CONCLUSION

By charging the very same overt act to support the "in concert" element of the § 846

507

conspiracy in Michigan and the § 848 conspiracy in Florida, the government subjected Harvey to double jeopardy for that act in violation of the United States Constitution. Accordingly, the § 848 conviction and sentence are

REVERSED AND VACATED.