[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 19, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12182
Non-Argument Calendar

_____

D. C. Docket No. 06-00452-CR-2-RDP-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEUNDRE LERICO JOHNSON,
a.k.a. Blood,
a.k.a. Bigboiblood,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(February 19, 2008)**

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Keundre Lerico Johnson appeals his total sentence of 852 months' imprisonment for conspiracy to commit carjacking, in violation of 18 U.S.C. §§ 371 & 2119, three substantive carjacking offenses, one resulting in bodily injury, all in violation of 18 U.S.C. § 2119, and three firearms charges related to the carjackings, in violation of 18 U.S.C. § 924(c). Johnson raises three issues on appeal. He argues that (1) the sentence for each of his firearms convictions should have been determined by § 924(c)(1)(A)(ii), which governs a defendant's first firearms offense; (2) his cumulative sentences for the underlying carjacking offenses and the firearms offenses violated the Double Jeopardy Clause of the Fifth Amendment because the offenses arose out of the same conduct; and (3) Count Four of the indictment failed to allege that he caused serious bodily harm, and, thus, it was improper to sentence him under § 2119(2). We review each issue in turn.

Johnson first argues that § 924(c)(1)(C) does not apply to his second and third firearms offenses, as the existence of the first firearms count does not make the later two "subsequent convictions." Rather, he claims that each of his firearms convictions should have been determined by § 924(c)(1)(A)(ii), which governs a defendant's first firearms offense.

The interpretation of a criminal statute is a question of law that we review *de*

*novo*.  *United States v. Murrell*, 368 F.3d 1283, 1285 (11th Cir. 2004).  Section

924(c)(1) states, in pertinent part:

> (A) any person who, during and in relation to any crime of
> violence . . . uses or carries a firearm, or who, in furtherance of
> any such crime, possesses a firearm, shall . . .
>> . . .
>> (ii) if the firearm is brandished, be sentenced to a term of
>> imprisonment of not less than 7 years . . . .
>> . . .
> (C) In the case of a second or subsequent conviction under this
> subsection, the person shall–
>> (i) be sentenced to a term of imprisonment of not less
>> than 25 years . . . .

18 U.S.C. § 924(c)(1)(A)(ii), (C)(i).  The Supreme Court, in *Deal v. United States*,

508 U.S. 129, 131-37, 113 S. Ct. 1993, 1995-99, 124 L. Ed. 2d 44 (1993), rejected

a defendant's argument that the "second or subsequent conviction" language of

§ 924(c)(1) was ambiguous and should be construed in his favor under the rule of

lenity, instead finding that the language of the statute, when read in context, made

it clear that it referred not only to prior judgments of conviction, but also to

subsequent offenses alleged within the same indictment.[1]

---

[1] In response to the defendant's argument that such an interpretation would subject him to a "glaringly unjust" sentence, given his lack of prior convictions, the Supreme Court stated:
> Even under the dissent's reading of § 924(c)(1) [which would require that a
> defendant have received a prior judgment of conviction before the "second or
> subsequent conviction" provision applied], some criminals whose only offenses
> consist of six armed bank robberies would receive a total sentence of 105 years in
> prison. We see no reason why it is "glaringly unjust" that petitioner be treated
> similarly here, simply because he managed to evade detection, prosecution, and
> conviction for the first five offenses and was ultimately tried for all six in a single

Because the Supreme Court has rejected the position that the enhanced penalty for a "second or successive" firearms conviction under § 924(c)(1)(C)(i) applies only to prior judgments of conviction, the district court did not err by imposing a 25-year sentence for Johnson's second and third firearms counts.

Next, Johnson asserts, without explanation, that his convictions for both the underlying carjacking offenses and the firearms offenses violated the Double Jeopardy Clause of the Fifth Amendment because the offenses arose out of the same conduct. We review a double jeopardy claim *de novo* as a question of law. *United States v. Harvey*, 78 F.3d 501, 503 (11th Cir. 1996). We explicitly have held that "the Double Jeopardy Clause does not bar the imposition of cumulative punishments for violating sections 924(c) [the firearm statute] and 2119 [the carjacking statute] of Title 18." *United States v. Moore*, 43 F.3d 568, 574 (11th Cir. 1994). We acknowledged that the Double Jeopardy Clause is intended to protect against multiple punishments for a single offense when Congress did not intend to set forth cumulative punishments, but concluded, based on the plain language of § 924(c), that Congress clearly intended to punish cumulatively violations of § 2119 and § 924(c). *Id.* at 571-73. Accordingly, the district court did not err in imposing such punishments.

_____

proceeding.
*Deal*, 508 U.S. at 137, 113 S. Ct. at 1999.

4

Finally, Johnson asserts that Count Four of the indictment did not allege that he caused serious bodily harm, and, thus, it was improper to sentence him under § 2119(2), which sets forth a maximum sentence of 25 years' imprisonment if the carjacking results in serious bodily injury. Johnson refers to *United States v. Jones*, 526 U.S. 227, 240, 252, 119 S. Ct. 1215, 1222, 1228, 143 L. Ed. 2d 311 (1999), where the Supreme Court held that the "serious bodily injury" language in § 2119(2) states a distinct offense element, rather than a sentencing factor, and, as such, must be alleged specifically in the indictment in order to sustain the enhanced penalty provided for in that section.

Count Four of the second superseding indictment, however, *did in fact* allege that the carjacking resulted in serious bodily injury, and therefore Johnson is factually incorrect in his assertion to the contrary.

For the above reasons, we affirm Johnson's sentence.

AFFIRMED.