[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 5, 2010
JOHN LEY
CLERK

No. 09-16077
Non-Argument Calendar

_____

D. C. Docket No. 09-00020-CR-FTM-99-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT EDWARD HARPER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 5, 2010)

Before BLACK, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Robert Edward Harper appeals his conviction and sentence for possessing

child pornography, under 18 U.S.C. §§ 2252(a)(4)(b) and 2252(b)(2), and also for receiving child pornography, under 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). He argues that his convictions for receiving and possessing child pornography violate the Double Jeopardy Clause of the Fifth Amendment. Harper also argues that the district court erred in applying a two-level sentence enhancement for distributing child pornography under United States Sentencing Guidelines § 2G2.2(b)(3)(F) (Nov. 2009), and in denying him a related two-level reduction under § 2G2.2(b)(1). For the reasons stated below, we affirm.

## I.

Harper pleaded guilty to one count of knowingly possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(b), as punishable under § 2552(b)(2), and two counts of knowingly receiving child pornography, in violation of 18 U.S.C. § 2552(a)(2), as punishable under § 2552(b)(1). The indictment stated, in the first count, that Harper knowingly possessed child pornography "[f]rom a date unknown but by at least April 14, 2008, through on or about June 10, 2008." In the second and third counts, the indictment charged that Harper knowingly received child pornography "[o]n or about April 14, 2008," and "[o]n or about April 22, 2008."

At Harper's change of plea hearing, the government filed a Notice of

2

Penalties, Elements and Facts (the "Notice" or "proffer"), which stated the facts the government would rely on in presenting a prima facie case to a jury. This proffer stated that Harper knowingly possessed child pornography "[f]rom at least on or about April 14, 2008, through on or about June 10, 2008," and that he knowingly received child pornography "[o]n or about April 14, 2008, and April 22, 2008," through a peer-to-peer Internet file sharing program. It further stated that on June 19, 2008, law enforcement agents executed a search warrant, seized Harper's computer, and interviewed Harper, who admitted to installing a peer-to-peer file sharing program, LimeWire, on his computer and using the program to download child pornography. According to the government's proffer, an examination of the computer revealed over 600 images and more than ten videos depicting child pornography, including two pictures downloaded on May 19, 2008.

Harper declined to admit all of the facts in the government's proffer, stating that much of the conduct described went beyond what was necessary to plead guilty and instead went to sentence enhancements. Harper did agree, however, to admit in his own words sufficient facts to plead guilty. During the plea colloquy, Harper admitted that he downloaded child pornography "a couple times" in April 2008, including specifically on April 14 and April 22, and that he "came into possession of one or more" items of child pornography "sometime between April

3

14th and June 10th" of 2008. The district court accepted Harper's plea and found him guilty on all three counts.

At his sentencing hearing, Harper objected to the two-level enhancement for distribution of child pornography under U.S.S.G. § 2G2.2(b)(3)(F). He also argued that he was entitled to a corresponding two-level reduction in his offense level under § 2G2.2(b)(1), which applies when "the defendant's conduct was limited to the receipt or solicitation" of child pornography, and "the defendant did not intend to traffic in, or distribute, such material." It was undisputed that Harper had downloaded files containing child pornography through LimeWire, which as a default setting had saved the files into a shared folder that could be accessed remotely by other users of the program. It was likewise undisputed that there was no evidence that anyone, including law enforcement, actually accessed the files from Harper's shared folder.

The court overruled Harper's objection in any event, explaining that the Application Notes to § 2G2.2 define distribution to include "possession with intent to distribute," and that Harper "knew that [access by others] could happen, and, in fact, . . . that's how he obtained the child pornography that was on the computer in the first place." The court also stated that Harper is "familiar with Limewire, he knows how the system works, he's downloaded it, he hasn't changed the default

4

system, which means he knows that others can come in and share whatever it is, whether it be child pornographic or otherwise."

Upon calculating the guideline range and considering the factors set forth in 18 U.S.C. § 3553(a), the court concluded that the guideline range of 168 to 210 months imprisonment was "just too harsh in this situation." Harper was sentenced to 120 months on each of the three counts, to be served concurrently. Harper then renewed the objection to the guideline calculation, and the court responded: "Didn't my sentence moot that? I mean, I didn't compute that, so I don't know what the guideline range would have been otherwise." Harper explained his view that "the Court is required to properly calculate the guideline regardless of what the ultimate sentence is."

## II.

Harper argues for the first time on appeal that his convictions for possessing and receiving child pornography violate the Double Jeopardy Clause of the Fifth Amendment. We usually review *de novo* whether convictions violate the Double Jeopardy Clause. United States v. Harvey, 78 F.3d 501, 503 (11th Cir. 1996). However, "we review issues not properly raised before the district court, such as the instant one, for plain error." United States v. Bobb, 577 F.3d 1366, 1371 (11th Cir. 2009).

5

As a threshold matter, we must first consider whether Harper waived his double jeopardy challenge by pleading guilty. "Generally, entering a guilty plea waives a defendant's right to all non-jurisdictional challenges to a conviction." United States v. Bonilla, 579 F.3d 1233, 1240 (11th Cir. 2009). The Supreme Court has created a few exceptions, however, including one for certain double jeopardy challenges. Id. "Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." Menna v. New York, 423 U.S. 61, 62, 96 S. Ct. 241, 242 (1975). "[A] defendant does not waive a double jeopardy challenge when, judged on the basis of the record that existed at the time the guilty plea was entered, the second count is one the government may not constitutionally prosecute." United States v. Smith, 532 F.3d 1125, 1127 (11th Cir. 2008) (citing United States v. Kaiser, 893 F.2d 1300, 1302 (11th Cir. 1990)). "In other words, a defendant may challenge his conviction if he does not need to go outside what was presented at the plea hearing to do so." Bonilla, 579 F.3d at 1240 (citing United States v. Broce, 488 U.S. 563, 575–76, 109 S. Ct. 757, 765–66 (1989)).

In deciding whether Harper waived his double jeopardy challenge, "we must determine whether his convictions . . . violate the double jeopardy clause's

6

protection against multiple punishments for the same offense and whether proof of those violations is inconsistent with the record that existed at the time of the plea." Bonilla, 579 F.3d at 1241. The Fifth Amendment of the United States Constitution declares that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. As such, the Double Jeopardy Clause "guarantees against . . . multiple punishments for the same offense." Bobb, 577 F.3d at 1371. We have previously recognized that "even in cases such as this, where the imposed sentences run concurrently, unlawfully multiplicitous convictions carry serious collateral consequences that cannot be ignored." Id. at 1372; see Ball v. United States, 470 U.S. 856, 865, 105 S. Ct. 1668, 1673 (1985). "As a general proposition, when a defendant has violated two different criminal statutes, the Double Jeopardy Clause is implicated when both statutes prohibit the same act or transaction or when one act is a lesser included offense of the other." Bobb, 577 F.3d at 1371. "[T]he first step in the double jeopardy analysis is to determine whether the legislature . . . intended that each violation be a separate offense." Garrett v. United States, 471 U.S. 773, 778, 105 S. Ct. 2407, 2411 (1985). The second step is to determine "whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932); see Smith, 532 F.3d at 1128.

7

Harper argues that possession of child pornography is a lesser included offense of receiving child pornography. Indeed, in Bobb, this Court held that possessing child pornography in violation of U.S.C. § 2252A(a)(5)(B) was a lesser included charge of receiving child pornography under 18 U.S.C. § 2252A(a)(2)(B). 577 F.3d at 1373–74. Even so, we rejected the Bobb defendant's double jeopardy challenge, because the indictment stated that the possession offense occurred in August 2005 while the offense of receiving child pornography occurred in November 2004. Id. at 1375. Further, the evidence at trial proved that in August 2005, the defendant possessed many additional images beyond those he received in November 2004. Id. We concluded that "the record show[ed] that the indictment charged Bobb with two separate offenses, and the Government introduced evidence sufficient to convict him of those distinct offenses." Id.

Because Harper pleaded guilty, we look only to the indictment and the rest of the record as it existed at the time of the guilty plea to determine whether Harper's convictions were for distinct offenses of receiving and possessing child pornography. See Bonilla, 579 F.3d at 1241. Harper argues that, unlike in Bobb, the indictment on its face does not allege distinct offenses of receiving and possessing child pornography, because the offenses overlap such that proof of the receipt offenses would also establish the possession offense. We recognize that

8

Harper's indictment could be read to allege possession of child pornography either as a distinct offense or as a lesser included offense of receiving child pornography. But where it is unclear whether the indictment charges the defendant with distinct offenses, we must conclude that no double jeopardy violation appears on its face. See United States v. Brown, 155 F.3d 431, 435, (4th Cir. 1998) ("If in fact the district court cannot tell from the record whether the government alleged two separate conspiracies, it must reinstate [the defendant's] conviction and sentence."); see also Broce, 488 U.S. at 570, 109 S. Ct. at 763. ("The Court of Appeals erred in concluding that because the indictments did not explicitly state that the conspiracies were separate, respondents did not concede their separate nature by pleading guilty to both.").

In order for us to conclude that Harper's double jeopardy challenge has not been waived, we must determine that "his guilty plea admitted no factual predicate that sufficed to make irrelevant his double jeopardy claim." Jackson v. Coalter, 337 F.3d 74, 80 (1st Cir. 2003). Harper contends that he only admitted his possession of child pornography to the extent necessary to establish the two counts of receiving child pornography, because the plea colloquy produced only the admission that he "came into possession of one or more" items of child pornography "sometime between April 14th and June 10th" of 2008. Even if we

9

accept Harper's refusal to adopt the facts in the government's proffer as an affirmative denial of every fact beyond those admitted in the plea colloquy, it is at least true that in pleading guilty Harper must have admitted to the elements of the crimes charged in the indictment. That is, that he possessed child pornography from "at least April 14, 2008 through on or about June 10, 2008."

The government's proffer demonstrated its intent to prove facts necessary to establish the offense of possession independent of the offenses of receiving child pornography. In Taylor v. Whitley, 933 F.2d 325, 328 (5th Cir. 1991), where the defendant argued that he had been convicted of both felony murder and the underlying felony, the Fifth Circuit concluded that the defendant had waived his double jeopardy claim by pleading guilty, even where the government had not yet indicated whether it intended to pursue a theory of felony murder or one of specific intent murder. See also United States v. Makres, 937 F.2d 1282, 1284–85 (7th Cir. 1991) (holding that no facial double jeopardy claim existed, even where the government's proffer at the plea inquiry failed to affirmatively demonstrate facts establishing that the charges were for distinct offenses). The government's argument is even stronger here, where in its proffer it made clear its intent to prove facts necessary to establish a distinct offense of possession. Specifically, the proffer included a statement that the forensic examination revealed over 600

10

images and more than ten movies in Harper's possession, and that at least two of those images had been downloaded after April 22, 2008. This constituted evidence sufficient to establish an offense of possession distinct from the receipt offenses, both in terms of the time of the offenses and the items possessed. See Bobb 577 F.3d at 1375 (holding that defendant was convicted of distinct offenses of receipt and possession of child pornography, where the indictments indicated the offenses occurred on different dates and the evidence at trial proved the offenses related to different items); see also United States v. Irving, 554 F.3d 64, 79 (2d Cir. 2009) (holding that defendant could be convicted of distinct offenses of receipt and possession of child pornography where the jury could have concluded that possession count was predicated on different items of child pornography than the receipt count).

In Menna, the Supreme Court explained that

a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. . . . A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.

423 U.S. at 63 n.2, 96 S. Ct. at 242 n.2. In contrast to Menna, where the defendant claimed "that the State may not convict [him] no matter how validly his factual

guilt is established," id., Harper essentially takes aim at the factual basis of the conviction by arguing that he did not admit to facts sufficient to establish a distinct offense of possession of child pornography.  Harper's argument suggests that, had the judge inquired directly into facts necessary to establish a distinct offense of possession, Harper would have denied those facts.  But therein lies the problem for Harper: his claim depends upon his discrediting the factual basis of his conviction.  As the Supreme Court stated in Broce, "a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede[s] that he has committed two separate crimes."  488 U.S. at 570, 109 S. Ct. at 763.  We must therefore conclude that, by pleading guilty, Harper has waived his double jeopardy challenge.

III.

Harper also contends that his sentence is procedurally unreasonable because, by applying the two-level increase for distribution, and denying the corresponding two-level decrease for conduct limited to receipt or solicitation, the district court failed to calculate the guideline range correctly.  We review the district court's findings of fact for clear error, but review *de novo* its interpretation of the guidelines and its application of the guidelines to the facts.  United States v. Campbell, 491 F.3d 1306, 1315 (11th Cir. 2007).

12

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), district courts must follow a two-step procedure at sentencing. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). "First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines. Second, the district court must consider [the 18 U.S.C. § 3553(a)] factors to determine a reasonable sentence." Id. (citation omitted).

At the first step, district courts must "begin all sentencing proceedings by correctly calculating the applicable guideline range." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 49, 128 S. Ct. 586, 596 (2007)). "An error in the district court's calculation of the Sentencing Guidelines range warrants vacating the sentence, unless the error is harmless. A Sentencing Guidelines miscalculation is harmless if the district court would have imposed the same sentence without the error." United States v. Barner, 572 F.3d 1239, 1247–48 (11th Cir. 2009) (citation omitted). Thus, if "a district judge clearly states that he would impose the same sentence, even if he erred in calculating the guidelines, then any error in the calculation is harmless." Id. at 1248; see also United States v. Williams, 431 F.3d 767, 775 (11th Cir. 2005) (Carnes, J., concurring) ("The Supreme Court and this Court have long recognized that it is not necessary to decide guidelines issues or remand cases for new

13

sentence proceedings where the guidelines error, if any, did not affect the sentence."). Here, in responding to Harper's objection to the guideline calculation by saying "Didn't my sentence moot that?" the district court sufficiently expressed that the 120-month sentence was not based on a guideline calculation.

Before concluding that any error in the guideline calculation would be harmless, we must also consider whether the sentence imposed would otherwise be procedurally reasonable, assuming the guideline range advanced by Harper. United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006). If we accept that the court did err as Harper claims, his offense level would be decreased from 34 to 30, which combined with his criminal history category of II would produce a guideline range of 108 to 135 months imprisonment. His 120-month sentence therefore falls squarely within the guideline range advanced by Harper. Also, while the district court did not explicitly calculate this alternative guideline range, it did give careful and express consideration to the guidelines, and thoroughly considered and addressed Harper's objections to the guideline calculation. Finally, the district expressly stated it had considered the statutory factors set out in 18 U.S.C. § 3553(a) and discussed those factors to the extent necessary to explain the sentence imposed. Thus even assuming the error which Harper asserts, it would be harmless.

For each of these reasons, Harper's convictions and sentences are AFFIRMED.