[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13202
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00003-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS JERMAINE SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 30, 2008)**

Before ANDERSON, HULL and COX, Circuit Judges.

COX, Circuit Judge:

Marcus Jermaine Smith appeals his convictions and sentences for possessing

three stolen firearms, 18 U.S.C. § 922(j) (Count 1), and for being a felon in

possession of the same three firearms, 18 U.S.C. § 922(g)(1) (Count 2). After pleading guilty to these counts, Smith was sentenced to 120-months' imprisonment on Count 1 and 90-months' imprisonment on Count 2, resulting in a total sentence of 210 months. On appeal, Smith argues that his convictions under different subsections of § 922 for possessing the same three firearms violates the Double Jeopardy Clause of the Fifth Amendment. He also argues that his sentences violate the ten-year statutory maximum set forth in 18 U.S.C. § 924(a)(2). We affirm his convictions and sentences.

## I. Double Jeopardy

We generally review a double jeopardy challenge de novo. *United States v. Thurston*, 362 F.3d 1319, 1322 (11th Cir. 2004). But, Smith did not advance a double jeopardy argument before the district court. Therefore, our review is limited to plain error. *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000). In order to find plain error, "(1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." *Id.* "Moreover, [Fed. R. Crim. P.] 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United*

2

*States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993) (quoting *United States v. Young*, 470 U.S. 1, 15, 105 S. Ct. 1038, 1046 (1985)).

Smith argues that his convictions under 18 U.S.C. § 922(j)[1] and (g)(1)[2] violate the Double Jeopardy Clause because they constitute multiple punishments for the same act. He maintains that he did not waive this argument by pleading guilty. He also argues that the plain language of the statute establishing the punishment for his convictions, 18 U.S.C. § 924(a)(2), does not indicate Congress's intent to fix separate punishments for violation of multiple § 922 subsections.

The Government argues that Smith has waived his double jeopardy challenge by pleading guilty, and his argument would fail on the merits. The general rule is that a guilty plea waives all non-jurisdictional challenges to a conviction. *United States v. Reynolds*, 215 F.3d 1210, 1215 (11th Cir. 2000); *see United States v. Broce*, 488 U.S. 563, 569, 109 S. Ct. 757, 762 (1989) ("[W]hen the judgment of conviction upon

---

[1] "It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen." 18 U.S.C. § 922(j).

[2] "It shall be unlawful for any person (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).

a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."). But, the Supreme Court has recognized a few exceptions to this rule, one of which it announced in *Menna v. New York*, 423 U.S. 61, 96 S. Ct. 241 (1975). There, the Court held that a defendant does not necessarily waive his double jeopardy challenge by pleading guilty because "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." *Id.* at 62, 96 S. Ct. at 242. The Court refused to announce a blanket rule against waiving a double jeopardy challenge, emphasizing instead, "We simply hold that a plea of guilty to a charge does not waive a claim that–judged on its face–the charge is one which the State may not constitutionally prosecute." *Id.* at 62 n.2, 96 S. Ct. at 242 n.2.

Following *Menna*, we held that a defendant does not waive a double jeopardy challenge when, judged on the basis of the record that existed at the time the guilty plea was entered, the second count is one the government may not constitutionally prosecute. *United States v. Kaiser*, 893 F.2d 1300, 1302 (11th Cir. 1990). In *Kaiser*, the defendant pleaded guilty to both tax evasion and the lesser-included offense of filing false tax returns. On appeal, we held that the defendant did not waive his

4

double jeopardy argument by pleading guilty because the state could not lawfully convict and sentence him for both the greater- and lesser-included offenses. *Id.* at 1303. On the merits of his claim, we vacated the defendant's conviction and sentence on the lesser included offense and affirmed his conviction and sentence on the greater offense. *Id.* at 1307.

Conversely, in *Dermota v. United States*, 895 F.2d 1324, 1325 (11th Cir. 1990), we held that the defendant did waive his double jeopardy challenge by pleading guilty to "an indictment that, on its face, described separate offenses." We distinguished cases holding that the defendant did not waive a double jeopardy challenge on the basis that "[t]hose cases dealt with constitutionally infirm proceedings, in which the government had no power to *prosecute* a second charge at all." *Id.* at 1326.

So, if the Government here had the power to prosecute Smith for both counts, then he has waived his double jeopardy argument by pleading guilty, as we found in *Dermota*. On the other hand, if the Government could not have lawfully prosecuted Smith for both counts, *Kaiser* would control and we could entertain Smith's double jeopardy argument. To answer this question, we must determine whether his convictions under Counts 1 and 2 violate the Fifth Amendment's guarantee of

protection against multiple punishments for the same offense.[3]  We hold they do not.

"Where the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature . . . intended that each violation be a separate offense." *Williams v. Singletary*, 78 F.3d 1510, 1512 (11th Cir. 1996) (quoting *Garrett v. United States*, 471 U.S. 773, 778, 105 S. Ct. 2407, 2411 (1985)).  If the legislature's intent is unclear, we then apply the "same elements" test established in *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180 (1932). Under this test, "two offenses are different for the purposes of double jeopardy analysis if each 'requires proof of an additional fact which the other does not.'" *Cole v. U.S. Dep't of Agric.*, 133 F.3d 803, 805 (11th  Cir. 1998) (quoting *Blockburger*, 284 U.S. at 304, 52 S. Ct. at 182).

The legislature's intent here is unclear.  Under 18 U.S.C. § 924(a)(2), "Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."  Nothing in § 924, nor in § 922, indicates whether Congress intended violations of different subsections of § 922 to constitute separate offenses.  In support

---

[3] "No person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. Amend. V. *See Williams v. Singletary*, 78 F.3d 1510, 1512 (11th Cir. 1996) (recognizing the Fifth Amendment guarantees protection against multiple punishments for the same offense).

of his argument that Congress did not intend that each violation be a separate offense, Smith points to the holding in *Rollins v. United States*, 543 F.2d 574 (5th Cir. 1976).[4] The defendant in *Rollins* was convicted of violating two provisions of 26 U.S.C. § 5861 for possessing an unregistered shotgun, § 5861(d), which did not have an identifiable serial number, § 5861(i). The punishment provision contained a similar statutory maximum provision as 18 U.S.C. § 924(a)(2): "Any person who violates or fails to comply with any provision of this chapter shall, upon conviction, be fined not more than $10,000, or be imprisoned not more than ten years, or both." 26 U.S.C. § 5871. The court held that the defendant could not be sentenced above the ten-year statutory maximum for possession of the same shotgun that happened to violate two statutory provisions, saying "It is our opinion that such sentencing violates the intent of Congress in setting a maximum penalty of ten years in prison, a $10,000 fine, or both." *Rollins*, 543 F. 2d 575. Although instructive in determining Congress's intent with respect to § 5871, *Rollins* did not decide Congress's intent with respect to § 924. Therefore, we apply *Blockburger*'s "same elements" test.

Under *Blockburger*, § 922(j) and (g)(1) are separate offenses because "each provision requires proof of an additional fact which the other does not." 284 U.S. at

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

304, 52 S. Ct. at 182. Section 922(g)(1) requires the Government to prove that the defendant is a convicted felon. Section 922(j) requires the Government to prove that the firearm forming the basis of the charge is stolen and the defendant knew or had reasonable cause to believe it was stolen. Therefore, these are different offenses.

Two other circuits have reached the same conclusion we do. The Fourth Circuit held "there is no question in this case that Congress has fixed separate punishments for both § 922(g) and § 922(j)." *United States v. Moye*, 454 F.3d 390, 397 (4th Cir. 2006), *cert. denied*, 127 S. Ct. 452 (2006). The Eighth Circuit held similarly in *Hornbeck v. United States*, 503 F.2d 1029 (8th Cir. 1974), saying that "it is clear that completely different elements of proof are required for count three [transportation of stolen firearm, § 922(i)] than are required for counts one and two [felony receipt and transportation of a firearm, § 922(g), (h)]." *Id.* at 1030. The court explained why Congress would authorize cumulative punishments for similar violations: "Transportation of firearms which a felon knows to have been stolen clearly should be considered more serious than an offense involving transportation, possession, and receipt of firearms which are not stolen." *Id.*

Because Counts 1 and 2 involve separate offenses, the Government could lawfully prosecute Smith for both. Consequently, under *Dermota*, 895 F.2d at 1326,

8

Smith has waived his double jeopardy argument by pleading guilty.  Therefore, we find no error in Smith's conviction and sentence on both counts.

## II. Statutory Maximum Sentence

Smith did not raise a statutory maximum argument at his sentencing hearing. Therefore, we review only for plain error. *See Aguillard*, 217 F.3d at 1320.

Smith argues that his sentence exceeds the statutory maximum under § 924(a)(2), and he is subject only to ten years' imprisonment for violating two of the § 922 provisions listed in § 924(a)(2). He suggests that, in order to be subject to more than ten years, § 924(a)(2) must specify that the ten year maximum applied to violation of each § 922 provision listed therein. The Government responds that Smith was convicted of two different offenses, each of which is subject to ten years under § 924(a)(2). It also argues that cumulative maximum sentences are permitted.

As discussed above, § 922(j) and (g)(1) are separate offenses for which the Government could lawfully prosecute Smith. Thus, Smith could have been sentenced for both convictions. His 210-month sentence did not exceed the maximum allowed by statute (240 months), and the court may impose maximum sentences consecutively. *United States v. Davis*, 329 F.3d 1250, 1254 (11th Cir. 2003). Therefore, the district court committed no error in sentencing Smith for violating two subsections of § 922.

## III. Conclusion

Smith waived his double jeopardy argument by pleading guilty to two counts for which he may have been lawfully prosecuted. Also, the district court committed no error, much less plain error, in sentencing Smith to consecutive sentences for violating two subsections of § 922. Therefore, we affirm Smith's convictions and sentences.

AFFIRMED.