[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15655
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-20485-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIPA HERRERA CABALLERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 26, 2009)

Before DUBINA, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Felipa Herrera Caballero appeals her conviction for possession and use of another person's identification during a felony, a violation of 18 U.S.C. § 1028A.[1] Caballero argues on appeal the Government selectively prosecuted her based on her ethnicity, gender, and physical condition.

Generally, a defendant waives all nonjurisdictional defects upon pleading guilty to an indictment. *United States v. Smith*, 532 F.3d 1125, 1127 (11th Cir. 2008); *see also United States v. Jennings*, 991 F.2d 725, 730 (11th Cir. 1993) (assuming, without comment, that selective prosecution of a defendant would constitute a defect in the indictment).

Caballero never raised the issue of selective prosecution before the trial court, but instead pled guilty to the charges in the indictment. She thus has waived this issue on appeal. *See Smith*, 532 F.3d at 1127. Accordingly, we affirm her conviction and sentence.[2]

**AFFIRMED.**

---

[1] Caballero does not challenge her convictions for unlawful re-entry into the United States, a violation of 8 U.S.C. § 1326(a), and false representation in order to gain entry into the United States, a violation of 18 U.S.C. § 911.

[2] To the extent Caballero's Notice of Supplemental Authority can be construed as raising an argument that there was an insufficient factual basis to support her guilty plea, *see* Fed. R. Crim. P. 11(b)(3); *Flores-Figueroa v. United States*, 129 S. Ct. 1886, 1888 (2009), we decline to consider this issue because it was not raised in Caballero's initial brief, *see United States v. Valladares*, 544 F.3d 1257, 1269 n.2 (11th Cir. 2008). Furthermore, even if we were to reach the merits of this issue, we would uphold Caballero's conviction because she did not raise a Rule 11 objection in district court, and the court did not plainly err in failing to anticipate the Supreme Court's decision in *Flores-Figueroa*.