[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 9, 2011
JOHN LEY
CLERK

No. 10-12221
Non-Argument Calendar
_____

D.C. Docket No. 6:09-cr-00173-GAP-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PRESTON ANGELO WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 9, 2011)

Before TJOFALT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Preston Angelo Williams appeals his conviction for aiding and abetting

credit card fraud, in violation of 18 U.S.C. § 1029(a)(5) and (c)(1)(A)(ii) and

18 U.S.C. § 2. On appeal, Williams argues that his indictment in this case violated the Double Jeopardy Clause of the Constitution. Specifically, he contends that his sentence in his first trial for filing false FEMA claims was "enhanced" by the credit card fraud and therefore that the indictment in this case amounted to a second attempt to punish him for the same offense.

Generally, a guilty plea waives all non-jurisdictional challenges to a conviction. United States v. Smith, 532 F.3d 1125, 1127 (11th Cir. 2008). However, the Supreme Court has recognized that some double jeopardy challenges are an exception to this rule. Menna v. New York, 423 U.S. 61, 96 S. Ct. 241, 46 L. Ed. 2d 195 (1975). This exception applies when the defendant does not seek to produce evidence that goes outside of the plea hearing to establish the factual nature of the double jeopardy challenge. United States v. Bonilla, 579 F.3d 1233, 1240-41 (11th Cir. 2009). Williams's appeal is not waived because he does not seek to introduce evidence from outside of the plea hearing to demonstrate that the conduct at issue in the sentencing phase of the first trial and the conduct at issue in the indictment of the second trial were the same offense.

We review de novo an alleged violation of the Double Jeopardy Clause. United States v. McIntosh, 580 F.3d 1222, 1226 (11th Cir. 2009). The protection afforded by the Double Jeopardy Clause applies both to successive prosecutions

and to successive punishments for the same offense.  Witte v. United States, 515 U.S. 389, 395-96, 115 S. Ct. 2199, 2204, 132 L. Ed. 2d 351 (1995).  In Witte, the Supreme Court held that using evidence of related criminal conduct to enhance a defendant's sentence for a separate crime does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause.  Id. at 399, 115 S. Ct. at 2206; see also United States v. Carey, 943 F.2d 44, 46 n.4 (11th Cir. 1991) (noting that although consideration of such criminal conduct has the practical effect of penalizing the defendant for that conduct, it does not constitute punishment for purposes of double jeopardy).

As an initial matter, Williams argues throughout his brief that the district court's consideration of his credit card fraud violation during the sentencing phase of his first trial was used to "enhance" his sentence.  This contention is not accurate.  Rather, the district court declined to award Williams an acceptance of responsibility reduction to his sentence because it found that he had not voluntarily withdrawn from criminal conduct.  See U.S.S.G.  § 3E1.1 cmt. n.1(b).  Williams offers no authority for the proposition that a court's denial of a sentencing reduction amounts to punishment in the double jeopardy context.

Williams also fails to persuade us that the holding of Witte is not controlling in this case.  He argues that Witte is distinguishable because the credit

card fraud was not "true relevant conduct" for the purposes of sentencing him in the FEMA claims case. Williams fails to explain what he means by "true relevant conduct," why he deems such conduct to be lacking in this case, or why the existence of such conduct would provide a meaningful distinction between the instant case and <u>Witte</u>. He does point out that the two cases are factually distinct because the counts in the instant case, unlike <u>Witte</u>, bear little relation to one another.[1] Williams fails to explain why this distinction is meaningful, and we are not persuaded that <u>Witte</u> is inapplicable here.[2]

For the foregoing reasons, we affirm.

**AFFIRMED.**

---

[1] Williams cites as another distinction the fact that in <u>Witte</u> there were two proceedings that advanced different statutory violations. This description is also applicable to this case, where there was one proceeding for fraudulent FEMA claims and one for credit card fraud.

[2] Williams also asserts that his right against self-incrimination was violated because his testimony from the sentencing hearing in his first case could have been used against him in his second case. This argument was waived when he pleaded guilty in the second case. <u>See</u> <u>Smith</u>, 532 F.3d at 1127. Furthermore, the argument is frivolous because Williams has not established that his testimony was in any way involuntary. <u>See</u> <u>Taylor v. Singletary</u>, 148 F.3d 1276, 1283-84 (11th Cir. 1998)