[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13247
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00480-JDW-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL JOHN BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 22, 2011)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

After pleading guilty, Michael John Brown appeals his concurrent 60-

month sentences for conspiracy to manufacture and possess with intent to

distribute 100 or more marijuana plants, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(vii) (Count 1), and manufacturing and possessing with intent to distribute an unspecified quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 2). After review, we affirm.

## I. BACKGROUND FACTS

Brown pled guilty to both counts charged in the indictment. The presentence investigation report ("PSI") calculated Brown's initial advisory guidelines range as 33 to 41 months' imprisonment. However, because Count 1 carried a mandatory minimum five-year sentence pursuant to 21 U.S.C. § 841(b)(1)(B)(vii), the PSI noted that Brown's advisory guidelines range became 60 months. See U.S.S.G. § 5G1.1(c)(2).

Prior to sentencing, Brown filed a "Motion to Declare Mandatory Minimum Sentencing Provision of 21 U.S.C. § 841(b)(1)(B)(vii) Unconstitutional and to Impose a Sentence Below the Otherwise Applicable Minimum Sentence." Brown argued that: (1) the government was selectively prosecuting marijuana offenders because the U.S. Attorney General had announced a policy of not prosecuting marijuana distributors who were not violating their respective state's laws; (2) individuals who were similarly situated to him but who were located in states that had deregulated marijuana were not being prosecuted under the Controlled

2

Substances Act and, thus, were not subject to the mandatory minimum in § 841(b)(1)(B)(vii); (3) the government's selective prosecution of marijuana offenders violated his equal protection and due process rights and the Tenth Amendment; (4) because the government was deferring to state law in determining whom to prosecute, the district court should defer to state law in sentencing those the government decided to prosecute; and (5) under Florida law, Brown would not be subject to a five-year mandatory minimum sentence.

Brown attached a copy of an October 19, 2009 memorandum from Deputy Attorney General David Ogden stating, inter alia, that investigating and prosecuting individuals whose actions were in clear and unambiguous compliance with state laws allowing for the medical use of marijuana would not be the most efficient use of federal government resources, but that, even in those states, prosecution of commercial enterprises that unlawfully market and sell marijuana for profit continued to be an enforcement priority.

The district court denied Brown's motion, concluding that: (1) Brown had waived his selective prosecution and Commerce Clause arguments by pleading guilty; (2) the government's prosecutorial policy did not violate the Equal Protection Clause as applied to Brown because there was a rational basis for distinguishing between those states that decriminalized medical use of marijuana

and those states that had not, and Brown "is not similarly situated with individuals who possess marijuana for medical use in states which have decriminalized that use"; and (3) § 841(b)(1)(B)(vii) is not facially unconstitutional because there is a rational basis for imposing a more severe punishment for higher drug quantities.

At sentencing, the district court imposed concurrent 60-month sentences on each count. Brown appealed.

## II.  DISCUSSION

On appeal, Brown argues that the district court erred in denying his motion to declare § 841(b)(1)(B)(vii) unconstitutional as applied to Brown.[1]  Brown contends his equal protection rights were violated because the government is not prosecuting "similarly situated defendants" in other states for the same conduct (possessing 100 marijuana plants with intent to distribute) that subjected Brown to § 841(b)(1)(B)'s five-year mandatory minimum sentence.[2]

We find no merit to Brown's "as applied" equal protection claim.  Any alleged selective prosecution under § 841(a), the substantive offense, is not a basis

---

[1]We review de novo the constitutionality of a statute.  United States v. Phaknikone, 605 F.3d 1099, 1107 (11th Cir.), cert. denied, 131 S. Ct. 643 (2010).

[2]On appeal, Brown does not argue that § 841(b)(1)(B)(vii)'s sentencing scheme imposing a five-year mandatory minimum sentence when the § 841(a) offense involves 100 or more marijuana plants: (1) on its face violates the Equal Protection Clause; (2) violates the Due Process Clause; or (3) violates the Tenth Amendment.

4

for attacking on equal protection grounds the imposition of the five-year mandatory minimum in § 841(b)(1)(B)(vii), the penalty provision. Put another way, Brown is not "similarly situated" to people who have never been prosecuted for violating § 841(a). At a minimum, Brown needed to compare himself to other defendants convicted under § 841(a) for possessing at least 100 marijuana plants but who were not subjected to § 841(b)(1)(B)(vii).

Brown would be hard pressed to find a sufficient comparator for such an equal protection claim. Once a defendant pleads guilty to possessing more than 100 marijuana plants, absent a substantial assistance motion or safety-valve relief, the district court does not have the authority, much less the discretion, to sentence below the five-year statutory mandatory minimum. See United States v. Castaing-Sosa, 530 F.3d 1358, 1361-62 (11th Cir. 2008). For this reason, Brown's argument that the district court should have "deferred" to Florida's less severe marijuana sentencing laws lacks merit.

Despite Brown's claims to the contrary, the gravamen of his equal protection argument is not selective sentencing, but selective prosecution. As the district court correctly concluded, Brown waived this argument when he pled guilty. See United States v. Smith, 532 F.3d 1125, 1127 (11th Cir. 2008)

5

(explaining that a defendant generally waives all non-jurisdictional challenges to the conviction by entering a guilty plea).

**AFFIRMED.**