[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2011
JOHN LEY
CLERK

No. 11-10747
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00398-SDM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLFO ESCOBEDO-QUEZADA,
a.k.a. Ricardo Maldonado,
a.k.a. Jose Diaz-Gutierrez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 16, 2011)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Rodolfo Escobedo-Quezada appeals his sentences and convictions for

reentering the United States illegally, 8 U.S.C. § 1326(a), and entering the United States illegally, id. §§ 1325(a)(1), 1329.  Escobedo-Quezada argues, for the first time, that his multiple punishments violate the Double Jeopardy Clause of the Fifth Amendment.  Escobedo-Quezada also argues that his sentence of 20 months of imprisonment for his illegal reentry is procedurally and substantively unreasonable.  We affirm Escobedo-Quezada's sentences, and we vacate the written judgment and remand to correct a clerical error.

The district court did not err, much less plainly err, by imposing two terms of imprisonment.  Escobedo-Quezada's crimes "constitute[] a violation of two distinct statutory provisions" because "each provision requires proof of a fact which the other does not."  Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932).  Escobedo-Quezada pleaded guilty to reentering the United States illegally after having been deported three times previously, 8 U.S.C. § 1326(a), and to entering the United States "at a time and place other than as designated by immigration officers," id. § 1325(a).  Because the government could prosecute Escobedo-Quezada under both statutes, he "waived his double jeopardy argument by pleading guilty."  United States v. Smith, 532 F.3d 1125, 1129 (11th Cir. 2008).

The district court did not abuse its discretion by varying upward from the

advisory guideline range to sentence Escobedo-Quezada to term of 20 months of imprisonment for his illegal reentry that would run concurrent with a term of 6 months for entering the United States illegally. Escobedo-Quezada was deported from the United States in January and February of 1999 and again in March 2003; he pleaded guilty to drug crimes in December 2003 and November 2004; and he has outstanding warrants for his arrest in Florida and Illinois. The district court decided to vary upward because of Escobedo-Quezada's "dismissive attitude towards the laws of the United States" governing "immigration and . . . other behavior," the lack "of effect" of previous within-guidelines sentences, his previous election of an eight-month sentence of imprisonment "over making his own way [on probation] for six or eight months," and his "persistence in reentering repeatedly and . . . remaining in the United States for a protracted time." The district court reasonably determined that the advisory guideline range of 2 to 8 months would not adequately reflect Escobedo-Quezada's criminal history or "achieve the statutory purposes of sentencing," see United States v. Shaw, 560 F.3d 1230, 1237–40 (11th Cir. 2009), and that a sentence of 20 months of imprisonment was necessary to "promote respect for the law," provide adequate punishment, deter similar future crimes, and protect the public, see 18 U.S.C. § 3553(a). Escobedo-Quezada's sentences are reasonable.

We notice a clerical error in the written judgment. The written judgment states mistakenly that Escobedo-Quezada pleaded guilty to two counts of illegal reentry. Because "it is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried, or found guilty of the crime recited in the judgment," United States v. James, 642 F.3d 1333, 1343 (11th Cir. 2011) (internal quotation marks omitted), we vacate the written judgment and remand for the district court to enter a new judgment stating that Escobedo-Quezada pleaded guilty to one count of illegal reentry and one count of illegal entry into the United States.

We **AFFIRM** Escobedo-Quezada's sentences, and we **REMAND** for correction of the written judgment.