[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10382
Non-Argument Calendar
_____

D.C. Docket No. 4:08-cr-00087-BAE-GRS-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRED COWART,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 4, 2013)

Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Fred Cowart appeals his 75-month sentence, imposed after he pled guilty to one count of unauthorized use of an access device in violation of 18 U.S.C. § 1029(a)(2).  On appeal, Cowart argues his sentence (1) is substantively and procedurally unreasonable and (2) violates the Double Jeopardy Clause.  After review, we affirm Cowart's sentence.

I.

Cowart contends his above-Guidelines sentence is both substantively and procedurally unreasonable.  We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 128 S. Ct. 586, 591 (2007).  The party challenging the sentence on appeal has the burden of establishing the sentence is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

In determining reasonableness, we engage in a two-step process of review. *Gall,* 128 S. Ct. at 597.  First, we ensure no significant procedural error has occurred, such as failing to calculate the Guidelines range, failing to treat the Guidelines as Advisory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the sentence.  *Id*.  Once we have determined the sentence is procedurally reasonable, we examine whether the sentence is substantively reasonable in light of the totality

2

of the circumstances, including evaluating whether the statutory factors in § 3553(a) support the sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

When the district court imposes a sentence greater than the Guidelines range, it can do so using either an upward departure or an upward variance. *See* U.S.S.G. § 4A1.3(a)(4)(B); 18 U.S.C. § 3553. We have held that a variance rather than an upward departure was imposed when the district court calculated the guideline range, considered the adequacy of the Guidelines range in light of the evidence and the § 3553(a) factors, and imposed a sentence outside the Guidelines range because the range did not adequately address a factor under § 3553(a). *See United States v. Irizarry*, 458 F.3d 1208, 1211-12 (11th Cir. 2006).

The district court's decision to impose a 75-month sentence was both procedurally and substantively reasonable. The district court correctly calculated the Guidelines range, treated the Guidelines as advisory, adopted accurate factual findings from the Presentence Report, and adequately explained the reasons for the sentence. *Gall*, 128 S. Ct. at 597. The district court did not err in failing to follow procedures for an upward departure pursuant to U.S.S.G. § 4A1.3 because it imposed a variance under § 3553(a). *Irizarry*, 458 F.3d at 1211-12. Further, the district court fully explained its conclusion that the Guidelines sentence did "not

3

sufficiently address [Cowart's] history and characteristics or the continual nature of sophisticated crimes," noting, among other factors,  the "cunning" of Cowart in carrying out his fraud, the amount of money involved, and Cowart's "pattern of nearly continuous criminal activity."  The sentence is also substantively reasonable in light of the circumstances and the § 3553(a) factors.  *See Gonzalez*, 550 F.3d at 1324.  An upward variance was warranted to reflect the seriousness of the offenses, the need to deter Cowart where previous sentences have failed, and the need to protect the public from his almost continual criminal conduct.  Thus, the district court did not abuse its discretion in imposing a 75-month sentence.

## II.

Cowart argues, for the first time on appeal, that his sentence violates the Double Jeopardy Clause because Cowart served a sentence in the Western District of North Carolina for violations of the same statute for purchases made using the same counterfeit credit card.  Where a defendant has not raised the issue of double jeopardy before the district court, we review his claim for plain error.  *United States v. Bobb*, 577 F.3d 1366, 1371 (11th Cir. 2009).  The error must be "obvious and clear under current law."  *United States v. Eckhardt*, 466 F.3d 938, 948 (11th Cir. 2006).

4

Generally, when a defendant pleads guilty, he waives all non-jurisdictional challenges to a conviction, including a double jeopardy challenge. *United States v. Smith*, 532 F.3d 1125, 1127 (11th Cir. 2008). A defendant does not waive the challenge where, on the basis of the record at the time of the guilty plea, the claim, on its face, is one that the government cannot constitutionally prosecute. *United States v. Bonilla*, 579 F.3d 1233, 1240 (11th Cir. 2009). To make this determination, we look at (1) whether the defendant's assertion that he was improperly convicted and punished twice for a single offense contradicts the indictment, and (2) whether he needs to depend on facts outside the plea hearing record to prove a violation of the Double Jeopardy Clause. *Id.* at 1240–41.

Cowart waived his right to assert a double jeopardy violation when he pled guilty under 18 U.S.C. § 1029(a). Cowart's assertion that he was improperly punished twice contradicts the indictment, such that he would have to rely on facts outside the plea hearing record to challenge his convictions. *Bonilla*, 579 F.3d at 1240–41. Furthermore, whether or not the North Carolina documentation is considered, it is not clear or obvious that a double jeopardy violation exists. *See Eckhardt*, 466 F.3d at 948. Therefore, the district court did not plainly err in imposing a sentence under 18 U.S.C. § 1029(a)(2).

**AFFIRMED.**

5