[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11873
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00228-RBD-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CASEY DICKERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 27, 2014)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Casey Dickerson appeals following his convictions for aggravated sexual

abuse, in violation of 18 U.S.C. § 2241(a) (Count One), and sexual abuse of a

minor, in violation of 18 U.S.C. § 2243(a) (Count Two). Dickerson was sentenced

240 months' imprisonment for Count One and 120 months' imprisonment for Count Two, to run concurrently.  On appeal, Dickerson argues that: (1) the court's supplemental jury instruction indicating that force could be implied from a disparity in coercive power or size impermissibly lowered the government's burden to prove force; (2) his convictions violate the Fifth Amendment's prohibition against double jeopardy; and (3) his trial attorney provided ineffective assistance of counsel.  After careful review, we affirm.

Typically, we review <u>de novo</u> the legal correctness of a jury instruction, <u>United States v. Webb</u>, 655 F.3d 1238, 1249 n.8 (11th Cir. 2011), and a double jeopardy challenge, <u>United States v. Smith</u>, 532 F.3d 1125, 1126 (11th Cir. 2008). However, issues raised for the first time on appeal -- like Dickerson's claims concerning the jury instruction and double jeopardy -- are reviewed for plain error. <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1298 (11th Cir. 2005).  Under plain error review, the defendant must show: (1) error; (2) that is plain; and (3) that affects substantial rights.  <u>Id.</u>  We may then exercise our discretion to notice a forfeited error, but only if "'the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"  <u>Id.</u> (citation omitted).  There is no plain error if no statute, rule, or binding precedent directly resolves the issue. <u>United States v. Lejarde-Rada</u>, 319 F.3d 1288, 1291 (11th Cir. 2003).

2

First, we are unpersuaded by Dickerson's claim that the district court plainly erred in instructing the jury on force. We review alleged errors in a jury instruction to assess whether the court's charge, considered as a whole, sufficiently instructed the jury so that the jurors understood the issues involved and were not misled. United States v. Shores, 966 F.2d 1383, 1386 (11th Cir. 1992). Under 18 U.S.C. § 2241(a), an individual is guilty of aggravated sexual abuse by force or threat where that person: (1) in a United States jurisdiction; (2) knowingly causes another person to engage in a sexual act; (3) by using force or by using threats or the fear of death, serious bodily injury, or kidnapping.

As the record before us shows, the district court responded to a jury question about the legal definition of "force" with the following:

> The element of force, as with all the elements of the offense charged in Count One of the Indictment, must be proven beyond a reasonable doubt. This additional instruction must be considered along with all of the Court's previous instructions.

> To establish force, the government need not demonstrate that the defendant used actual violence. The requirement of force may be satisfied by a showing of restraint sufficient to prevent the victim from escaping the sexual conduct. Force may also be implied from a disparity in coercive power or in size between the defendant and the victim or from the disparity [in] coercive power combined with physical restraint.

Dickerson now argues on appeal that this instruction erroneously suggested that force could be implied from a disparity in coercive power or size, and impermissibly lowered the government's burden to prove force.

3

However, Dickerson cannot show plain error here because, as he concedes, there is no controlling authority that supports his claim.  See Lejarde-Rada, 319 F.3d at 1291.  Dickerson asserts that the district court's definition of force permits the jury to convict a defendant under § 2241(a) where no physical force beyond the act of penetration is present.  But, importantly, he has not established that § 2241(a) requires an element of physical force.  Moreover, even if we were to review Dickerson's claim de novo, any error in the district court's instruction would be harmless because the victim's testimony was that Dickerson, along with two other males, used physical force in holding her down and making her have oral and vaginal intercourse with them.  See Webb, 655 F.3d at 1249 n.8 ("Jury instructions are subject to harmless error review.").  As a result, there was no error, plain or otherwise, in the district court's supplemental jury instruction.

We also reject Dickerson's argument that -- based on the supplemental jury instruction -- the district court committed plain error by convicting him in violation of the Fifth Amendment's prohibition against double jeopardy.  Where the defendant's same conduct violated two statutory provisions, courts first must determine whether the legislature intended each violation to be a separate offense.  Garrett v. United States, 471 U.S. 773, 778 (1985).  Cumulative punishments for a single instance of criminal behavior are not prohibited if the legislature clearly intended to prescribe cumulative punishments.  Id.

4

When there is no clear indication of legislative intent, however, the courts must determine whether "each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). The Supreme Court has clarified that the Blockburger test asks whether each offense contains an element not contained in the other, and establishes that double jeopardy bars additional punishment and successive prosecution if they do not. United States v. Dixon, 509 U.S. 688, 696 (1993). Where each provision requires proof of an element that the other does not, the Blockburger test is satisfied, notwithstanding "a substantial overlap in the proof offered to establish the crimes." Iannelli v. United States, 420 U.S. 770, 785 n.17 (1975).

Under 18 U.S.C. § 2243(a), an individual is guilty of sexual abuse of a minor where that person: (1) in a United States jurisdiction; (2) knowingly engages in a sexual act; (3) with another person who is between the ages of 12 and 16 and is at least 4 years younger than the offender. Describing both § 2241(a), which we've paraphrased above, and § 2243(a), the House Report for the Sexual Abuse Act of 1986 states:

> Whether a sexual act involving a minor less than 16 years old is criminal (and, if it is, the severity of the offense) will depend upon the circumstances involved. If the young person is between the ages of 12 and 16, and if force is used or if threats of death, serious bodily harm, or kidnapping are involved, the applicable provision is proposed section 2241(a). If the child is less than 12 years old and if force is used or threats of death, serious bodily harm, or kidnapping are involved, both proposed section 2241(a) and proposed section 2241(c) are applicable. If the young person is between the

5

ages of 12 and 16, and other threats are used, the applicable provision is proposed section 2242(1). If the child is less than 12 years old, the applicable provisions are proposed sections 2241(c) and 2242(1). If the offender renders a young person between the ages of 12 and 16 unconscious or administers a drug to that young person (by force, threats, or without the knowledge or permission of the child), then the applicable provision is proposed section 2241(b). The applicable provisions are proposed sections 2241(b) and 2241(c) if the child is under 12.

If none of those factors are involved, however, then the ages of the participants are important. If the victim is less than 12 years old, then there is an offense whatever the age of the other party. If the young person is at least 12 but not 16 years old, however, the age of the other party becomes relevant. If the other person is 4 or more years older than the young person, then there is an offense under proposed section 2243(a). If the young person is not 4 or more years younger than the other person, then there is no offense.

H.R. Rep. 99-594 at 17.

Here, Dickerson once again cannot show plain error because there is no controlling authority that supports his claim. See Lejarde-Rada, 319 F.3d at 1291. Looking to the legislative intent, it is ambiguous whether Congress intended to allow cumulative punishments for his underlying conduct. Regardless, under the Blockburger test, § 2241(a) and § 2243(a) require proof of an element that the other does not. See Iannelli, 420 U.S. at 785 n.17. Under § 2241(a), a defendant is only guilty if he uses some sort of force or threats to cause another person to engage in a sexual act, and there is no age element. Under § 2243(a), no such force or threat of force is required, but there is an age element in that the other person must be between the ages of 12 and 16 and be at least 4 years younger than

6

the defendant.  Accordingly, the district court did not err, plainly or otherwise, concerning Dickerson's double jeopardy claim.

Finally, we decline to consider Dickerson's claim that his trial counsel provided ineffective assistance by conceding that he committed the act of having sex with a minor but failing to argue the affirmative defense that he believed that the victim was older than 16.  We generally do not consider claims of ineffective assistance of counsel raised on direct appeal "where the district court did not entertain the claim nor develop a factual record."  United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002).  An appellate court usually cannot adequately decide an ineffective-assistance-of-counsel claim raised for the first time on direct appeal because the focus at trial was not whether defense counsel's actions were prejudicial or supported by reasonable strategy.  Massaro v. United States, 538 U.S. 500, 504 (2003).  The preferable means for deciding a claim of ineffective assistance of counsel is through a habeas corpus petition, "even if the record contains some indication of deficiencies in counsel's performance."  Id.

The ineffective-assistance-of-counsel test is comprised of two prongs: (1) deficient performance; and (2) prejudice.  Strickland v. Washington, 466 U.S. 668, 687-89 (1984).  The Supreme Court has identified three exceptions to the prejudice requirement, in situations that were "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified."  United States v. Cronic,

466 U.S. 648, 658 (1984).  One of <u>Cronic</u>'s exceptions is where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing."  <u>Id.</u> at 659.  In the context of a 28 U.S.C. § 2255 motion to vacate, we have held that counsel's tactical decision to concede a defendant's guilt designed to lead the jury toward leniency on other charges and to provide a basis for a later argument for a lighter sentence is deemed to be effective assistance.  <u>Darden v. United States</u>, 708 F.3d 1225, 1230 (11th Cir.), <u>cert. denied</u>, 133 S.Ct. 2871 (2013).

Under 18 U.S.C. § 2243(c)(1), it is a defense that the defendant reasonably believed that the other person was at least 16 years old.  The defendant must establish this defense by a preponderance of the evidence.  18 U.S.C. § 2243(c)(1).

Here, the district court did not address the issue of ineffective assistance of counsel, and the record is not sufficiently developed for us to review whether Dickerson's trial counsel was ineffective.  <u>See</u> <u>Massaro</u>, 538 U.S. at 504-05.  Given the strategic choice to make the concession that Dickerson had sex with a minor, it is possible that counsel also made a strategic decision to forego the affirmative defense that he believed the victim was over the age of 16.  There simply is no evidence in the record to substantiate or disprove Dickerson's assertions regarding counsel's investigation and consideration of the defense.  Because a factual record has not been sufficiently developed for an ineffective-

assistance claim against Dickerson's trial counsel, we will not address such a claim on direct appeal.  Accordingly, we affirm.

**AFFIRMED.**