[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12886
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cr-00020-MSS-PRL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY E. MARCHESSEAULT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 25, 2017)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Anthony Marchesseault, proceeding *pro se*, appeals the district court's order striking his "Final Report Administrative/Quality Recall Plea Agreement," which the district court construed as a motion for reconsideration of his prior motion to recall his plea agreement. Marchesseault pleaded guilty pursuant to a written plea agreement to a single count of false information and hoaxes, in violation of 18 U.S.C. § 1038(a)(1)(A). Among other things, he was sentenced to 12 months' probation. Three years after his guilty plea, and after his probation ended, he filed a motion for reconsideration of the judgment against him. The district court denied his motion. Marchesseault appealed. We construed his motion for reconsideration as a petition for writ of error *coram nobis* and concluded that he was not entitled to such relief because he failed to present reasons he could not previously raise his arguments in pretrial motions, on direct appeal, or in a timely filed 28 U.S.C. § 2255 motion. After a series of additional motions attempting to "recall" his plea agreement, Marchesseault filed the motion at issue, which the district court struck from the record.

We review a district court's denial of a writ of error *coram nobis* for abuse of discretion. *United States v. Peter*, 310 F.3d 709, 711 (11th Cir. 2002). A district court's decision to strike a pleading is reviewed for abuse of discretion. *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). Although we construe the briefs of *pro se* litigants liberally, we deem abandoned issues not

2

briefed on appeal.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  A federal court may re-characterize a *pro se* litigant's motion to better correlate the substance of the motion and the underlying legal claim.  *Castro v. United States*, 540 U.S. 375, 381-82 (2003).

A judgment of conviction that imposes a sentence of probation can be modified or revoked until its termination, corrected by the district court within 14 days after sentencing, or appealed; otherwise, it is a final judgment.  18 U.S.C. § 3562(b); *see id.* §§ 3564, 3365, 3742; *see* Fed. R. Crim. P. 35(a).  Failure to appeal a conviction resulting from a guilty plea waives an appeal based on several types of errors in the proceedings culminating in the guilty plea.  *Peter*, 310 F.3d at 712.  These include that the plea was not knowing and voluntary, or that the district court violated Federal Rule of Criminal Procedure 11 at the plea colloquy.  *Id.* Generally, a guilty plea waives all non-jurisdictional challenges to a conviction. *United States v. Smith*, 532 F.3d 1125, 1127 (11th Cir. 2008).

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  *Turner v. Warden Coleman FCI*, 709 F.3d 1328, 1334 (11th Cir. 2013).  Pursuant to § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

28 U.S.C. § 2255. Habeas corpus relief only extends to petitioners in custody or serving a sentence at the time of filing the petition. 28 U.S.C. § 2241(c)(3).

A writ of error *coram nobis* is a remedy available to vacate a conviction after the petitioner served his sentence. *Peter*, 310 F.3d at 712. A writ of error *coram nobis* is an extraordinary remedy available only in circumstances where necessary to achieve justice. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). The writ of error *coram nobis* is available to correct fundamental errors that "rendered the proceeding itself irregular and invalid." *Peter*, 310 F.3d at 712. Such relief is only proper when no other remedy is available, and "the petitioner presents sound reasons for failing to seek relief earlier." *Mills*, 221 F.3d at 1203-04. Juror misconduct, prejudicial misconduct during trial, and newly discovered evidence are not fundamental errors warranting *coram nobis* relief. *Id.* We also concluded that errors the petitioner could have raised earlier—but failed to—do not warrant *coram nobis* relief. *See Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (concluding that defendant could have raised his claims in a pretrial motion and were therefore not cognizable on *coram nobis* review). However, jurisdictional errors are fundamental errors warranting *coram nobis* relief because they render the proceedings irregular and invalid. *Peter*, 310 F.3d at 712–14.

4

The law-of-the-case doctrine bars relitigation of issues that a court decided explicitly or by necessary implication in a prior appeal. *See State Farm Mut. Auto. Ins. Co. v. Williams*, 824 F.3d 1311, 1314 (11th Cir. 2014). There are three "discrete exceptions" to the law-of-the-case doctrine. We may revisit previously decided issues when: "(1) new and substantially different evidence emerges at a subsequent trial; (2) controlling authority has been rendered that is contrary to the previous decision; or (3) the earlier ruling was clearly erroneous and would work a manifest injustice if implemented." *Id.* (quotation omitted).

An appeal from an order granting or denying a petition for a writ of error *coram nobis* is a civil appeal for purposes of Fed. R. App. P. 4(a). Fed. R. App. P. (4)(a)(1)(C).

Marchesseault failed to identify the procedural vehicle by which he seeks to vacate his plea agreement. His motion is best construed as a petition for a writ of error *coram nobis* because he already completed his sentence. Thus, no other forms of relief are available to him. Consequently, the civil appeal rules govern and his appeal is timely.

However, his attempt to obtain *coram nobis* relief is barred by the law-of-the-case doctrine. None of the three exceptions apply because there was not a subsequent trial, there is no contrary controlling authority, and the earlier ruling was not clearly erroneous. *State Farm Mut. Auto. Ins. Co.*, 824 F.3d at 1314.

Nonetheless, no fundamental error exists entitling him to writ of error *coram nobis*.

*Mills*, 221 F.3d at 1203–04.

**AFFIRMED.**

6