[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11190

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CARLOS ERNESTO DEL PINO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:20-cr-00009-AW-GRJ-1

_____

2                        Opinion of the Court                        21-11190

Before JORDAN, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Carlos Del Pino appeals his conviction for aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).[1] Del Pino also appeals his total 84-month sentence. No reversible error has been shown; we affirm.

Briefly stated, Del Pino was involved in a scheme to steal credit-card numbers by using skimming devices he installed on gas pumps. A federal grand jury returned an indictment charging Del Pino with knowingly possessing with intent to defraud 15 or more counterfeit and unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3) (Count One), and with aggravated identity theft during and in relation to Count One, in violation of 18 U.S.C. § 1028A(a)(1) (Count Two). Del Pino pleaded guilty to Count One and proceeded to a bench trial on Count Two.

Following a bench trial, the district court found Del Pino guilty of aggravated identity theft as charged in Count Two. In doing so, the district court rejected Del Pino's argument that simultaneous convictions under both 18 U.S.C. §§ 1029(a)(3) and

---

[1] Del Pino does not appeal his conviction for possession of 15 or more unauthorized access devices.

1028A(a)(1) violated the Double Jeopardy Clause. The district court sentenced Del Pino to a below-guidelines sentence of 60 months' imprisonment on Count One and to a mandatory consecutive 24-month sentence on Count Two.

On appeal, Del Pino first challenges his aggravated-identity-theft conviction on double-jeopardy grounds. We review *de novo* possible violations of the Double Jeopardy Clause. *See United States v. Smith*, 532 F.3d 1125, 1126 (11th Cir. 2008).

The Double Jeopardy Clause provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause "serves principally as a restraint on courts and prosecutors," not as a restraint on the legislature's authority "to define crimes and fix punishments." *See Brown v. Ohio*, 432 U.S. 161, 165 (1977). "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983).

In assessing a possible double-jeopardy violation, we look first to legislative intent. *See United States v. Bonilla*, 579 F.3d 1233, 1241 (11th Cir. 2009). "If the statutes under which the defendant was sentenced specifically authorize cumulative punishments for the same offense, a court may impose cumulative punishment without running afoul of the Double Jeopardy Clause." *Id.* Only if "the legislature's intent is unclear" do we apply the "same

4                    Opinion of the Court                    21-11190

elements" test established in *United States v. Blockburger*, 284 U.S. 299 (1932). *Id.*

Section 1029(a)(3) makes it unlawful to "knowingly and with intent to defraud possess[] fifteen or more devices which are counterfeit or unauthorized access devices." 18 U.S.C. § 1029(a)(3). An "access device" is defined to include "any card, . . . account number, . . . or other means of account access that can be used . . . to obtain money, . . . or that can be used to initiate a transfer of funds . . . ." 18 U.S.C. § 1029(e)(1).

The aggravated-identity-theft statute provides that "[w]hoever, *during and in relation to any felony violation enumerated in subsection (c)*, knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, *in addition to the punishment provided for such felony*, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(a)(1) (emphasis added). The felony violations enumerated in subsection (c) include "a felony violation of . . . any provision contained in [Chapter 47 of Title 18] (relating to fraud and false statements), other than this section or section 1028(a)(7)." 18 U.S.C. § 1028A(c)(4). Del Pino's felony violation of 18 U.S.C. § 1029(a)(3) -- an offense contained in Chapter 47 -- falls clearly within the underlying offenses identified in subsection (c). *See id.* §§ 1028A(c)(4), 1029.

The plain statutory language demonstrates unambiguously that Congress authorized the cumulative punishment at issue in this appeal: a two-year penalty for aggravated identity theft in

violation of section 1028A(a)(1) "in addition to" the sentence imposed for a felony violation of section 1029(a)(3). *See Bonilla*, 579 F.3d at 1244 (rejecting a double-jeopardy challenge to an access-device-fraud conviction under 18 U.S.C. § 1029(a)(2): because a violation of section 1029(a)(2) was an enumerated felony violation under subsection (c), "the legislature specifically authorized cumulative punishment" under both 18 U.S.C. §§ 1029(a)(2) and 1028A(a)(1)).

On appeal, Del Pino contends that our decision in *Bonilla* is inapplicable to this appeal because *Bonilla* involved a conviction under section 1029(a)(2), not section 1029(a)(3). We disagree. Given the broad scope of felony violations enumerated in subsection (c) of the aggravated-identity-theft statute, we cannot conclude that Congress intended to treat differently underlying felony convictions under section 1029(a)(2) from convictions under 1029(a)(3). For purposes of our double-jeopardy review, we see no material difference between the statute-of-conviction presented in *Bonilla* and the statute-of-conviction involved in this appeal. We reject Del Pino's double-jeopardy argument and affirm Del Pino's conviction for aggravated identity theft.

Del Pino next contends (for the first time) that the district court erred in applying the commentary to U.S.S.G. § 2B1.1 in calculating Del Pino's advisory guidelines range. Under section 2B1.1, a defendant's base offense level is increased based on the amount of loss involved in the offense. *See* U.S.S.G. § 2B1.1(b)(1). In cases involving unauthorized access devices, Application Note 3(F)(i)

instructs courts to assign a minimum loss value of $500 to each unauthorized access device.    *See* U.S.S.G. § 2B1.1, comment. (n.3(F)(i)).  Relying on a recent decision from the Sixth Circuit,[2] Del Pino argues that Application Note 3(F)(i) constitutes an unauthorized expansion of section 2B1.1.

Del Pino's argument challenging the district court's use of Application Note 3(F)(i) is foreclosed by the invited-error doctrine. "It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006). The invited-error doctrine "is implicated when a party induces or invites the district court into making an error." *Id.* "Where invited error exists, it precludes a court from invoking the plain error rule and reversing." *Id.*

Here, the Presentence Investigation Report ("PSI") calculated a total loss amount for Del Pino's offense using the $500 multiplier set forth in Application Note 3(F)(i).  This calculation resulted in a total loss amount of $7,315,500 (14,631 unauthorized access devices x $500).  The PSI thus concluded that Del Pino was subject to an 18-level enhancement under section 2B1.1(b)(1)(J): an enhancement that corresponds to a total loss amount of more than $3.5 million and less than $9.5 million.

---

[2] *United States v. Riccardi*, 989 F.3d 476 (6th Cir. 2021).  Decisions of other Circuit Courts are entitled to some respect, but to no deference.

In his objections to the PSI, Del Pino raised no challenge to the PSI's calculation of the total loss amount. To the contrary, Del Pino asserted expressly that his total offense level should be calculated to include an 18-level enhancement under U.S.S.G. § 2B1.1(b)(1)(J).

Del Pino also moved for a downward variance on grounds that the guidelines calculation overstated the seriousness of his offense. Del Pino argued that a downward variance was appropriate in the light of the disparity between the actual loss amount resulting from Del Pino's offenses ($46,736.11) and the loss amount derived by applying the sentencing guidelines ($7,315,500).

In making his downward-variance argument, Del Pino asserted again that the guidelines calculation included an 18-level enhancement under section 2B1.1(b)(1)(J) based upon a "presumed loss amount" of at least $3.5 million. Del Pino explained that this loss amount was driven by the $500 multiplier in Application Note 3(F)(i). Del Pino also said expressly that "under the United States Sentencing Guidelines, Mr. Del Pino is responsible for a loss of $7,315,500."

Given this record, Del Pino induced or invited the district court to apply Application Note 3(F)(i) in calculating the applicable loss amount under the sentencing guidelines. As a result, Del Pino cannot now challenge as erroneous the district court's use of Application Note 3(F)(i) in determining that Del Pino was subject to an 18-level enhancement.

8                          Opinion of the Court                    21-11190

AFFIRMED.